.Geiser Threshing Machine Company *vs.* S. D. Farmer and others.

January 31, 1881.

**Sale with Warranty—Splitting up single Cause of Action on indivisible Contract.**—Plaintiff sold to defendants a threshing machine, with a warranty of quality, and an agreement (as claimed) that, in case the machine did not correspond to the warranty, the plaintiff would put it in order so that it should conform to the warranty; and also that in case of plaintiff's failure to fulfil its contract, that plaintiff would surrender the promissory notes which were given by defendants for the price of the machine, take the machine away, and that the contract of sale and notes should be void. *Held,* that the contract between the parties, though consisting of several parts, was one and indivisible; that the defendants' right of action upon it was, therefore, one and indivisible also; and that, therefore, the defendants could not split it and maintain an action at one time for the recovery of a part of the damages arising from its breach, and another action at another time for the recovery of another part of such damages.

**Same—Where Breach is pleaded as a Defence.**—Also that, as respects the application of this rule, there is no difference between setting up the breach of such contract as a plaintiff's cause of action in a complaint, and setting it up as a defendant's defence in an answer.

**Same—Former Judgment for Same Breach.**—It appeared in this case that the defendants executed three promissory notes for the price of the machine mentioned; that an action had been brought on the note first due, in which the defendants had set up damages arising from the breach of warranty before mentioned as a defence, and that thereupon judgment had been rendered for defendants upon a verdict of no cause of action in the plaintiff. *Held,* that in the present action upon the remaining two notes, the judgment in the former action estops the defendants from setting up in defence any breach of the contract upon plaintiff's part.

Appeal by defendants from an order of the district court for Brown county, *Macdonald,* J., presiding, (acting for the judge of the 9th district,) refusing a new trial.

*B. F. Webber,* for appellants.

*S. L. Pierce* and *J. Newhart* for respondent.

Berry, J. The defendants executed three promissory notes running to plaintiff, all at the same time, and for one and the same consideration. This action is brought upon

the two notes last falling due.  Upon the other note an action had been previously brought, which resulted in a verdict of no cause of action, upon which judgment was entered in favor of the defendants for their costs.  As defences in the former action, the defendants alleged that the sole consideration of the note sued on was the sale by plaintiff to defendants of a threshing machine, with a warranty that the machine was in all respects a first-class machine, capable of doing first-class and satisfactory work as a threshing machine, not liable to get out of order or break, and that it would do clean, clear and satisfactory work in all respects.  Defendants further alleged that it was not a first-class machine; that it would not do good, clean, clear, satisfactory work; that it was liable to get out of order; that for the purpose for which such machine was sold by these plaintiffs to the defendants, it was worthless and unfit, defective, and a fraud upon the defendants. Defendants further alleged that by reason of the imperfections specified, and by reason of its defectiveness and worthlessness as a machine for threshing, they were put to great labor, expense, delay and loss of time in attempting to use the machine, which delay, labor and loss of time were reasonably worth $375, which sum they offered to recoup and set off against such note and interest, or such sum as should be found due thereon.  These allegations of this answer as to the character of the machine are, in effect, nothing more than allegations of a breach of the alleged warranty.  The allegation that, for the *purpose for which the machine was sold,* it was worthless, is only an allegation that the alleged warranty that it was a first-class machine, and capable of doing first-class work, etc., was untrue, and that therefore the warranty was broken.

In the present action, defendants in their answer alleged the warranty as before, adding, however, that, as a part of the contract of sale, and of the consideration of the notes, plaintiff agreed that he would send a competent mechanic to

put the machine in repair and running order, so that it should in all respects conform to the warranty; and that, in case of a failure to comply in any respect, or in case of the failure of plaintiff to fulfil any part of its contract, plaintiff would surrender to defendants all said notes and take away the machine, and that the contract of sale and the notes should be void. The answer alleges the falsity of the warranty, and the worthlessness of the machine as a threshing machine; and, further, that, though often requested by defendants, plaintiff has neglected and refused to send any person to put said machine in repair or running order, and to start the same; and that by reason of the breach of warranty defendants suffered damage in the sum of $675.21. The answer also sets up the former judgment. The defendants upon the trial introduced the judgment in evidence, so that it speaks for itself; and if in any respect it varies from the allegations of the answer in regard to its contents and effect, the judgment controls.

The contract, on the part of the plaintiff, was a contract of sale, accompanied by warranty, and, according to the second answer, by the agreement as to the surrender of the notes, the taking away of the machine, and that the sale and the notes should be void. This contract, though consisting, according to the answer, of several parts, was one and indivisible. The whole of it was entered into at one time, between the plaintiff on the one hand and the defendants on the other, and upon one consideration. As it was one and indivisible, the defendants' right of action upon it was one and indivisible also. They could not split it and maintain one action at one time for the recovery of a part of the damages arising from its breach, and another action at another time for the recovery of another part of such damages. *Thompson* v. *Myrick*, 24 Minn. 4. As respects the application of this rule, there is no difference between setting up the breach of such a contract as a plaintiff's cause of action in a complaint and setting it up as a defendant's defence in an answer.

In the latter case the defendant is asserting a cause of action on account of the breach, just as much as he would have been if he had brought an action for it as plaintiff. In the case at bar it appeared, upon the production of the former judgment, that the defendant had availed himself in part of the breach of the plaintiff's contract as a defence in the former action. It follows that he is estopped to avail himself in another part of such breach as a defence in this action. As the making of the two notes in suit was admitted, and as the defendant was thus estopped to avail himself of the defences set up in his answer, it follows that, upon the production of the judgment, the plaintiff was entitled to judgment for the amount of the notes. This conclusively disposes of the case, and renders it unnecessary to consider the other matters presented upon the argument.

Order affirmed.