THOMAS THORESON and another *vs.* MINNEAPOLIS HARVESTER WORKS.

August 3, 1882.

**Sale on Credit—Breach of Warranty—Damages.**—In an action to recover damages for breach of warranty in the sale of a chattel, a recovery may be had, although the plaintiff (vendee) had not paid the purchase price, but had given his promissory notes therefor, which are still unpaid; following *Frohreich* v. *Gammon*, 28 Minn. 476.

**Same — Judgment by Default in Prior Action for Purchase Price No Bar.**—The recovery of a judgment by default by the defendant (vendor) against the plaintiff, upon a part of the several notes given for the price of the property, is not an adjudication upon the issue of warranty and breach constituting the cause of action in this case, and does not bar a recovery.

**Same—Evidence.**—Objectionable evidence, tending to show the damages from breach of warranty, received without objection, considered as sufficient to sustain the verdict.

**Same—Damages—Interest.**—It appearing that interest was computed by the jury upon the damages awarded for breach of warranty at the rate of 10 per cent. from the time of the sale, a modification is directed by reducing the interest computed to 7 per cent.

**Same—General Objection to Admission of Any Evidence.**—The complaint being defective in respect to allegations of breach of warranty, ev-

idence was received without objection showing the warranty to be un-
true.  *Held*, that a general objection to any evidence being received,
upon the ground that the complaint did not set forth a cause of action,
interposed at the commencement of the trial, no specific defect being
pointed out, will not serve the purposes of a specific objection to such ev-
idence.

This action was brought in the district court for Freeborn county.
The complaint, after setting out the incorporation of defendant,
alleges, that on July 30, 1878, defendant, for the consideration
stated, "agreed to and with these plaintiffs to sell them a reaping
machine;" "that said defendant then and there, by its agent, duly
authorized thereto, represented and warranted to these plaintiffs that
said    *    *    *    reaper was a good and perfect machine for the uses and
purposes for which it was intended,    *    *    *    and that said machine
was reasonably worth and of the actual value of $155;" and "that
said plaintiffs relied on said representations and warranty    *    *    *
and believed them to be true, and in consideration thereof, and not
otherwise, purchased said machine, and then and there executed and
delivered to said defendant, as and for the purchase price of said ma-
chine, their promissory notes in writing to the amount and of the
value of $155, with interest thereon at the rate of 10 per cent. per
annum from the date thereof until paid."   The complaint further al-
leges that said machine "was absolutely worthless and of no value
whatever for the purpose for which it was sold to these plaintiffs,"
and "that these plaintiffs used all due care and skill in the manage-
ment and operation of said machine, but solely on account of the worth-
less materials and defective workmanship used and employed by said
defendant in the construction of said machine, they were wholly un-
able to operate or use the same for any purpose."   That immedi-
ately upon learning the worthless character thereof, and in August,
1878, the plaintiffs tendered back the machine to defendant, and de-
manded delivery and possession of the notes given for the purchase
price, but that defendant refused and still refuses to deliver said notes
or either of them to the plaintiffs.   The complaint also contains an
allegation that plaintiffs are solvent, and concludes with a demand
for "judgment against defendant for the sum of $155, with interest

thereon at 10 per cent. per annum from July 30, 1878, and for costs and disbursements."

The answer admits the sale of the reaper to plaintiffs, and the making and delivery of the promissory notes for the purchase price, denies all the other allegations of the complaint, sets up a written warranty as the only one made, and which has not been broken, and also sets up, as a bar to this action, a judgment of the municipal court of St. Paul, entered by default against the plaintiffs on the first two of the promissory notes given for the reaper.

On the trial before *Farmer,* J., and a jury, plaintiffs were allowed to amend the complaint so as to make the sum of the promissory notes $165 instead of $155, in accordance with the facts. The jury brought in a verdict, May 24, 1881, for $211 for plaintiffs. Defendant appeals from an order refusing a new trial.

*Shaw, Levi & Cray* and *J. Whytock,* for appellant.

The judgment of the municipal court of St. Paul is a bar to this action, and should have been admitted in evidence. *Doyle* v. *Hallam,* 21 Minn. 515; *Adams* v. *Adams,* 25 Minn. 72, 76.

*Lovely & Morgan,* for respondents.

The damages are not excessive. The reaper being worthless, the plaintiffs are entitled to the value of the notes given in exchange for it. This would be the face of the notes with the interest, which is ten per cent., added. Field on Damages, §§ 273, 274, 281, 293; *Fish* v. *Tank,* 12 Wis. 276; *Roberts* v. *Fleming,* 31 Ala. 683; *Wintz* v. *Morrison,* 17 Tex. 372; *Ferris* v. *Comstock,* 33 Conn. 513; *Prentice* v. *Dike,* 6 Duer, 220; *Laubach* v. *Laubach,* 73 Pa. St. 387; *Cowley* v. *Davidson,* 13 Minn. 92; *Burke* v. *Beveridge,* 15 Minn. 205.

DICKINSON, J. The action is founded upon a sale of a reaping machine by the defendant to the plaintiffs. The complaint seems to have been framed with a view to a recovery of damages for breach of a warranty made upon the sale of the property, and also with reference to a recovery of the purchase price, upon the ground that the contract of sale had been rescinded. These two grounds of action are inconsistent. The one rests upon the existing obligation of the contract; the other upon its dissolution and non-existence. The de-

fendant, however, did not seek to confine the issues to one of these positions, nor, upon the trial, to have plaintiffs elect between the two.

1. The defendant now assumes, as a ground for reversal, that the contract of sale was rescinded, and that plaintiffs, having never paid the purchase-money, have not suffered damage. But the pleadings do not admit the rescission of the contract, nor does the evidence prove it. A rescission by mutual consent is not claimed. The complaint does not allege, nor does the evidence show, facts giving a right on the part of plaintiffs to rescind, for that right does not arise upon mere breach of a warranty in the sale of chattels without fraud, and without reservation by contract of a right to rescind. *Knoblauch* v. *Kronschnabel*, 18 Minn. 300, 303. The answer assumes to put in issue the fact of rescission. Clearly, then, it cannot now be assumed, for the purpose of defeating the recovery, that the contract was rescinded.

2. The right of recovery must rest upon the ground of breach of contract of warranty. It is claimed that plaintiffs were not entitled to recover, because they had not paid the purchase price, but had given their promissory notes therefor, which are still unpaid. This question was decided by this court in *Frohreich* v. *Gammon*, 28 Minn. 476, adversely to this position of the appellant.

3. The former recovery of a judgment by this defendant against the plaintiffs, on default of the latter upon some of the notes given for the purchase of the machine, constituted no bar to a recovery in this action for breach of the contract of warranty. The facts constituting the cause of action in this case were not involved in the former action upon the notes, and could only have been properly presented for adjudication therein by affirmative allegations and proof, on the part of the defendants in such action, in the nature of counterclaim or recoupment. Formerly, in such an action, the practice allowed a full recovery of the purchase price, and left the vendee to seek his remedy by a cross-action. *Mondel* v. *Steel*, 8 M. & W. 858; *Rigge* v. *Burbidge*, 15 M. & W. 598. Now the vendee has his election to plead the breach of contract of warranty in reduction of damages, in an action brought by the vendor for the price, or to bring a cross-action, as was done in this case. Such action is not

barred by the former recovery of the price.   *Davis* v. *Hedges*, L. R. 6 Q. B. 687; *Bodurtha* v. *Phelon*, 13 Gray, 413; *McKnight* v. *Devlin*, 52 N. Y. 399; *Barker* v. *Cleveland*, 19 Mich. 230; Benjamin on Sales, (3d Ed.) 894, 899.

4. It is claimed that the verdict is not sustained by evidence of substantial damages from the breach of warranty. The purchase price of the machine was $165.   In an action between the parties to the sale, and in the absence of other evidence, it will be presumed that the property would have been of that value if it had been as warranted.   To entitle plaintiffs to recover substantial damages, it was incumbent on them to show how much less than that sum the machine was worth by reason of defects as to which the warranty applied.   Evidence was offered on the part of the plaintiffs evidently for the purpose of showing that the property was without value. Such evidence was received without objection on the part of the defendant, and is unopposed by other evidence.   The evidence was of an objectionable character, but the defendant must be regarded as having waived all objection on that ground, and we have only to consider whether, disregarding its objectionable features, the evidence tended to show that the machine was in fact without value.   With some hesitation we have concluded that that is the effect of the evidence, and that the verdict should stand.   The office of an objection to evidence is to exclude that which is improper from the consideration of the jury, and, to that end, to call the attention of the adverse party and of the court to the improper character of the evidence offered, so that the defect or irregularity may be obviated.   Not objecting, the defendant consented that the evidence should go to the jury for their consideration.

5. Are the damages awarded by the jury excessive?   Under the instructions of the court, a recovery by the plaintiffs could be only of damages for breach of the contract of warranty.   The verdict must be regarded as resting upon that ground.   The court properly instructed the jury as to the rule of damages in such case, except that no instruction was given as to interest.   The plaintiffs were entitled to interest upon the proper difference in values, at the rate of 7 per cent.   The complaint, however, demanded 10 per cent., and the

notes given for the purchase price bore interest at that rate. We are satisfied from the record that the verdict was arrived at by allowing a recovery of the entire purchase price, upon a conclusion that the machine was worthless, and by computing interest at the rate of 10 per cent. instead of 7. It is therefore erroneous, but may be corrected by computation of interest upon the same sum at 7 per cent.

6. The complaint is defective as regards allegations of breach of the contract of warranty, but evidence was received, without objection, showing breach of the warranty, and the defect in the complaint cannot now avail the defendant. *Isaacson* v. *Minn. & St. L. Ry. Co.*, 27 Minn. 463.

The general objection, at the commencement of the trial, to any evidence being received because no cause of action is pleaded, no specific defect being pointed out, did not serve the purposes of a specific objection to the evidence offered showing a breach of warranty. If the defect in the complaint had been pointed out to the court, or brought to the notice of the adverse party by specific mention, or if the evidence of a breach had been specifically objected to, the court would, if it was deemed conducive to justice, have allowed an amendment.

The order refusing a new trial is affirmed, but judgment will be entered for only $165, with interest from July 30, 1878, at the rate of 7 per cent. per annum.