JOHN H. SCHURMEIER *vs.* SAMUEL ENGLISH.

June 8, 1891.

Sale—Action for Price—Counterclaim for Breach of Warranty.—In an action by a vendor against his vendee for the purchase price of personal property, a claim in the answer for damages for the breach of a warranty of the quality of the property constitutes a "counterclaim."

Insufficient Counterclaim — Failure to Reply.—The objection that the facts set up as a counterclaim do not constitute a cause of action, is not waived by a failure to reply.

Answer Consisting of Counterclaim Only—Failure to Reply—Proper Procedure.—Where the answer admits plaintiff's cause of action, and sets up a counterclaim, which is admitted by a failure to reply, there is no issue to try, and judgment should be ordered on the pleadings.

Appeal by plaintiff from an order of the district court for Crow Wing county, *Holland*, J., presiding, denying his motion to set aside a verdict of $56 for plaintiff and the judgment entered thereon.

*E. R. Holcombe* and *W. S. McClenahan,* for appellant.

*Wetherby, True & Warner,* for respondent.

MITCHELL, J.   The record in this case discloses a very anomalous style of practice.   Plaintiff brought the action to recover for certain wagons manufactured for defendant at the agreed price of $195, of which $50 had been paid, leaving a balance of $145, for which judgment was demanded.   The answer admitted plaintiff's cause of action, but alleged a warranty of the quality of the wagons, a breach of it, and that by reason thereof the wagons were only worth $50, the amount which defendant had paid on them.   As the wagons would presumably have been worth the agreed purchase price of $195 had they been as warranted, these allegations of the answer amounted to a counterclaim of $145, just offsetting plaintiff's cause of action. The answer further alleged that one of the wagons, by reason of its defective quality, broke while defendant was using it, causing the death of his horse, which he was driving, of the value of $450.   No reply was interposed to this answer.   When the cause was called for trial the plaintiff failed to appear, but the defendant had a jury impaneled and proceeded to introduce evidence.   Upon this "trial" he formally abandoned his claim for the value of the horse, but introduced testimony to prove his claim as to the diminished value of the wagons, and also another claim which was not pleaded at all.   The result was a verdict for defendant for $50, for which amount and costs a judgment was entered.   His motion to set aside the judgment and for a new trial having been denied, plaintiff appealed. There is no occasion to consider the evidence introduced on this so-called trial, for, under the pleadings, there were no issues to try. That defendant's claim for $145 damages for breach of the warranty constituted a counterclaim cannot admit of doubt.   The warranty was itself a contract collateral to the contract of sale, for the breach of which defendant could have brought an action against the plaintiff, even without having paid for the wagon.   *Geiser Threshing-Mach. Co.* v. *Farmer,* 27 Minn. 428, (8 N. W. Rep. 141;) *Frohreich* v. *Gammon,* 28 Minn. 476, 483, (11 N. W. Rep. 88.)   There being no reply, this counterclaim stood admitted.   That the claim for the value of the horse constituted neither a cause of action nor a counterclaim is

very clear. It was neither such damage as arose naturally from the breach of the warranty, nor such as could reasonably be supposed to have been contemplated by the parties as the probable result of the breach. This objection was not waived by plaintiff's failure to reply or to appear at the trial. Like the objection that a complaint does not state a cause of action, it may be taken advantage of even after judgment. Hence this claim may be entirely left out of the calculation; and without it there was an exact stand-off between plaintiff's cause of action and defendant's counterclaim. Therefore defendant was entitled to judgment on the pleadings for costs and disbursements, and nothing more.

Order reversed.