(Opinion published 52 N. W. Rep. 860.)

---

ALPHEUS B. STICKNEY *vs.* PETER JORDAIN *et al.*

Argued June 16, 1892. Decided June 22, 1892.

**Practice—Opening Default.**

> *Held,* that the discretion of the trial court was properly exercised in refusing to relieve the defendants from their default, and to allow them to serve an amended answer.

Appeal by defendants, Peter Jordain, Samuel Mathews, and David C. Gaslin, from a judgment of the District Court of Washington County, *Williston,* J., entered January 5, 1892, against them for $4,023.83 and costs.

Plaintiff, Alpheus B. Stickney, on October 7, 1887, sold and conveyed to defendant Gaslin four hundred and forty acres of pine timber land on the Upper Tamarack in Douglas County, Wisconsin, for $6,000, and took his note for the full amount. The other defendants signed the note with Gaslin as his sureties. Plaintiff in his deed covenanted that he was well seised, had good right to convey, and would warrant and defend Gaslin in the possession. He in fact owned but an undivided half of the land. This action was brought February 20, 1889, upon the note. In his complaint the plaintiff admitted that D. M. Sabin owned the other half of the land, and he asked for judgment for only one-half the amount of the note.

Defendants answered that plaintiff knew when he sold the land

that he owned only an undivided half of it; and knew that his tax title to the other half was invalid; and that he falsely represented that he owned it all. That Gaslin relied upon the representation, and cut a large part of the timber on the land, and was compelled to pay to James S. O'Brien, the grantee of Sabin, $7,406.17 for a half the lumber cut, and for his half of the land. Defendants claimed that Gaslin had sustained damages to that amount, which they prayed to offset so far as necessary to extinguish plaintiff's demand. This new matter plaintiff denied in his reply. The issues were tried January 8, 1890, but the jury disagreed. In November, 1890, plaintiff moved for judgment on the pleadings, but was refused. The defendants then served an amended answer stating their damages in greater detail, and the action was again tried December 30, 1890. The jury again disagreed, and plaintiff, on leave of the court, demurred to this amended answer, that it did not state facts sufficient to constitute a defense, or show that defendants' damages were in law greater than half the purchase price, credited to them by the complaint.

The trial court sustained the demurrer, and allowed defendants twenty days in which to serve a further amended answer. They did not amend within this time, but after the twenty days had elapsed they appealed from the order to this court. Here the order was affirmed October 21, 1891, and a remittitur sent down. 47 Minn. 262.

On November 13, 1891, defendants served notice of motion for leave to file and serve a further amended answer. This application was denied December 11, 1891, and the plaintiff on January 5, 1892, had judgment for $3,000 and interest and costs. From that judgment this appeal was taken, and the defendants assigned as error the refusal of their application to serve and file the proposed amended answer.

*J. N. Castle* and *Fayette Marsh,* for appellants, contended that damages are recoverable for the fraud of the grantor although covenants were given on the sale. On this point they cited: *White* v. *Smith,* 54 Iowa, 233; *Smith* v. *Bolles,* 132 U. S. 125; *Atwater* v. *Whiteman,* 41 Fed. Rep. 427; *Crater* v. *Benninger,* 33 N. J. Law, 513; *Foss*

v. *Newbury,* 20 Or. 257; *Whitney* v. *Allaire,* 1 N. Y. 305; 4 Denio, 554; *Clark* v. *Baird,* 9 N. Y. 183; *Alvarez* v. *Brannan,* 7 Cal. 504; *Claggett* v. *Crall,* 12 Kan. 393; *Wright* v. *Carillo,* 22 Cal. 596; *Hays* v. *Bonner,* 14 Texas, 629.

*Lusk, Bunn & Hadley,* for respondent, did not notice the appellants' discussion, but claimed the refusal to allow the last proposed answer to be served was within the discretion of the trial court, and this court could not say there was any abuse of that discretion.

MITCHELL, J.   Appeal from a judgment entered after a refusal by the court to set aside defendants' default, and to grant them leave to serve an amended answer.   The court denied the application on two grounds, one of which was so clearly correct that the other need not be referred to.   The original answer was served about April 1, 1889.   Afterwards a supplemental answer, and subsequently an amended answer, were served.   A motion for judgment on the pleadings had been argued and denied.   The case had been twice tried before a jury, and each time the jury disagreed.   The plaintiff then obtained leave to withdraw his reply, and to demur to the answer. An order was entered sustaining this demurrer, but allowing defendants twenty days after service of the order in which to answer over. The defendants did not answer, but five days after the time for answering had expired they appealed to this court.   The order appealed from was affirmed.   47 Minn. 262, (49 N. W. Rep. 980.) The defendants then made the application from the refusal of which this appeal is taken.   The affidavit upon which the application was made furnishes no excuse and assigns no reason for not answering within the twenty days allowed by the order overruling the demurrer.   It is not claimed that the proposed amended answer contains anything that was was not fully known to defendants ever since this action was begun.   The application was addressed to the sound discretion of the court, and, so far from that discretion being improperly exercised in refusing the application, it would have been, under the circumstances, almost an abuse of discretion to have granted it. By appealing before the twenty days for answering had expired, and

giving a stay bond, the defendants might have extended the time for answering until after the determination of the appeal. But they elected to stand on the answer already in, and allowed the twenty days to expire.

In view of the history of the case they must have been pretty fully advised of the grounds on which it was claimed their answer was bad, and they had already filed a supplemental answer and one amended answer, apparently with a view to meet these objections. After the full opportunity they had to plead any defense they might have, and the several experiments and efforts they made to do so, it can hardly be claimed that the court erred in refusing to set aside their default, and allow them to interpose a fourth answer.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 861.)