(Opinion published 52 N. W. Rep. 861.)

---

JAMES FITZPATRICK *vs.* D. M. OSBORNE & Co.

Submitted on brief by appellant. Argued by respondent June 7, 1892.
Decided June 22, 1892.

### Contract of Warranty Construed.

A machine which plaintiff had taken on trial having proved defective, in consideration of an undertaking of defendants that they would repair and fix it so that it would do good work, he bought it, and gave his promissory notes for the purchase price. *Held*, that the undertaking of the defendants was in the nature of an express promissory warranty against known defects, and was collateral to the main contract of sale; and that for its breach plaintiff had his right of action, although the purchase price of the machine was still unpaid.

### Election of Remedy.

Although the plaintiff had the privilege of returning the machine in case the defendants failed to make good their warranty, this remedy was not exclusive. He might retain the property, and have his action for the breach.

Appeal by defendant, D. M. Osborne & Co., a corporation, from an order of the District Court of Murray County, *P. E. Brown*, J., made October 1, 1891, denying its motion for a new trial.

In July, 1885, defendant delivered to plaintiff James Fitzpatrick a binder on trial. After testing it, plaintiff claimed it did not work properly. It was then agreed between the parties that plaintiff should purchase the machine and give his negotiable notes for it, and that defendant should repair it, and fix it so that it would do good work the next season. If defendant failed to do so, plaintiff need not keep the machine or pay the notes. Defendant failed to repair the machine or fix it so that it would do good work, but plaintiff has retained possession of it. He brings this action to recover damages for the failure of defendant to perform its contract. The answer was a general denial.

The action was noticed for trial at April Term, 1891. On the first day of the term defendant moved for a continuance on account of the absence of T. C. McDermott, who was defendant's agent, and resided at Mankato, and who was at home in attendance upon his sick wife. It was stated that he would testify that plaintiff told him he had settled the matter with defendant. The court refused the continuance because there was in the answer no allegation of payment or of settlement, and it appeared that the deposition of the witness might have been taken. On the trial plaintiff had a verdict for $122.59. Defendant moved for a new trial, and being denied, appealed.

*Geo. W. Wilson*, for appellant.

*H. C. Grass*, for respondent.

MITCHELL, J. There was clearly no error in refusing defendants' application for a continuance. The plaintiff first took the harvester on trial. It proved defective, and would not do good work, and plaintiff refused to purchase it. Thereupon, in consideration of an undertaking of defendants that they would repair and fix it so that it would do good work the next season, the plaintiff bought it, and gave his negotiable promissory notes for the purchase price.

This undertaking on part of the defendants was what may be termed an "express promissory warranty" against the consequences of the then known defects in the machine. It constituted a part of the main contract, (of sale,) but was collateral to it.

For a breach of it, as of any other warranty, the plaintiff had his right of action, and might recover damages, although he had not paid the purchase price of the property. *Frohreich* v. *Gammon,* 28 Minn. 476, (11 N. W. Rep. 88;) *Thoreson* v. *Minneapolis Harvester Works,* 29 Minn. 341, (13 N. W. Rep. 156;) *Schurmeier* v. *English,* 46 Minn. 306, (48 N. W. Rep. 1112.)

The measure of damages in such a case is the difference between the value of the article as it was and what its value would have been if as warranted, or, in other words, what it would have cost to put the machine in good order so as to do good work as guarantied. Either mode of proving the amount of damages was proper, although, of course, there is danger that in the first mode of proof witnesses may adopt an erroneous basis of estimating value, by assuming that the article must necessarily always remain in its present defective condition. This error, however, can always be exposed by cross-examination of the witness.

It appears that at the time of and immediately preceding the contract of purchase, and the execution of the notes for the purchase price, defendants' agent told plaintiff that if they did not fix the machine so as to do good work he need not pay for it; and it is argued that the parties thereby agreed that, in case of a breach of the warranty, the plaintiff might return the machine, and be relieved from paying for it, and that this remedy is exclusive. It is more than doubtful whether this parol evidence, which flatly contradicted the terms of the written contract embodied in the notes, established any right in plaintiff to return the property and demand back his notes. But, even if it did, the remedy was not exclusive. The plaintiff would also have the right to keep the property, and maintain an action for breach of warranty. *Mandel* v. *Buttles,* 21 Minn. 391; *Douglass Axe Mfg. Co.* v. *Gardner,* 10 Cush. 88.

We may also add that, as we construe the evidence, so far from showing that plaintiff had regained possession of his notes without

paying them, it affirmatively shows that defendants had sold and indorsed them to a third party, to whom plaintiff will be liable for their full amount, his claim for damages being fully covered by his recovery in this action.

This covers all points worthy of special notice.

Order affirmed.

(Opinion published 52 N. W. Rep. 861.)

