PLANO MANUFACTURING COMPANY v. WILLIAM RICHARDS.[1]

April 25, 1902.

Nos. 12,998—(112).

**Warranty—Pleading and Proof.**

Upon an express promissory warranty against the known defects of an implement sold for use, it is necessary for the party relying upon the same to plead, as well as prove, what it actually was worth, as well as what it would have been worth if as warranted.

**Failure to Plead—Motion for Judgment.**

Upon a claim for a breach of warranty, the failure to plead facts showing the difference between the value of the thing sold, and its value had it been as warranted, is a substantial omission, that may be raised after verdict, upon a motion for judgment.

**Judgment notwithstanding Verdict.**

Upon a consideration of the pleadings in this case, *held*, from the failure to allege the essential facts to show that damages were occasioned by the alleged breach of the warranty, that judgment notwithstanding such verdict should have been ordered by the trial court.

Appeal by plaintiff from an order of the district court for Todd

[1] Reported in 90 N. W. 120.

county, Searle, J., denying a motion for judgment notwithstanding the verdict and granting a motion for a new trial. Reversed, and judgment directed for plaintiff.

*Fred W. Reed*, for appellant.

*P. V. Coppernoll*, for respondent.

LOVELY, J.

Action to recover on a promissory note for $70. Its execution is admitted, but it is claimed that the consideration therefor wholly failed, for the reasons, as substantially stated in the answer, that, prior to the making of the note, defendant had purchased a harvesting machine from plaintiff upon the warranty that it would do good work, and in payment gave his three notes, of $45 each; that the machine could not be made to do good work; that afterwards there was a settlement between the parties, by the terms of which it was agreed that, if defendant would execute and deliver the note upon which this suit is brought, plaintiff would surrender the three notes previously given, and before or during the next harvest would make the machine do good work, or, in the event of failure in that respect, would receive it back, and furnish in its place a new machine. The old notes were surrendered, and the one in suit given, but at no time before or at the next harvest did the plaintiff put the machine in condition to do good work, and it has never offered to deliver a new machine in place of the old one. There is no allegation in the answer of the value of the machine in question, nor was it alleged that it was worth more or less than the amount of the note, or that it would have been of any value whatever had the promise to make it do good work been fulfilled; nor was the value of a new harvester to be furnished in place of the old one, set forth. The case was tried to the court and jury, who found for defendant. Upon motion for a new trial, or judgment in the alternative, the court denied the motion for judgment, but directed a new trial. From this order, plaintiff appeals.

The evidence for defendant in the record does not go further than to support the allegations of the answer, and wholly fails to establish that the machine had any value. By his answer, defend-

ant, in effect, admitted plaintiff's cause of action on the note, but avoided the same by pleading promises which it is alleged were not fulfilled. Upon facts similar to those set forth in the answer, this court has held that the undertaking on the part of plaintiff was what may be termed an "express promissory warranty" against the consequence of the then known defects of the machine. The measure of damages in such a case being the difference between the value of the article as it was, and what its value would have been if as warranted, or, in other words, what it would have cost to put the machine in good order to do good work, as guarantied. Fitzpatrick v. D. M. Osborne & Co., 50 Minn. 261, 52 N. W. 861. See also Reeves & Co. v. Cress, 73 Minn. 261, 76 N. W. 26

The essential requirements of a pleading, where a breach of warranty is relied upon to support a claim for damages, are: First, the terms of the warranty; second, the allegations showing its breach; and, third, facts from which damages for its breach are to be inferred. Each of these elements of the cause of action is essential to be pleaded and proved, and it cannot be assumed that the averment of one is of more importance than of the other, or the omission of one is technical, and the other is substantial. While it might be inferred that the amount of the note would be regarded as the value of the machine had it been as warranted, yet, as previously suggested, there is nothing in the pleadings or evidence in this case to show that it was in fact of any less value than that sum. This was a fatal omission. Frohreich v. Gammon, 28 Minn. 476, 11 N. W. 88; Thoreson v. Minneapolis Harvester Works, 29 Minn. 341, 13 N. W. 156; Schurmeier v. English, 46 Minn. 306, 48 N. W. 1112; Fitzpatrick v. D. M. Osborne & Co., supra.

During the progress of the trial, objections in behalf of plaintiff were made to the introduction of evidence for defendant, which fully apprised the latter that the requisite facts to support his claim for damages had not been pleaded, but neither then nor during the trial was leave asked from the court to amend the answer; and we are not at liberty now to assume that the defendant desired a repleader, to set forth the omitted facts, or that

leave would have been granted by the court if a request to do so had been made.

It follows that the verdict for defendant cannot be sustained, and it is unnecessary to consider any assignments of error, based upon the introduction or rejection of evidence, which go to the validity of the finding of the jury.

The proper grounds were, however, laid for the motion to direct a judgment for the value of the note, notwithstanding the verdict, under Laws 1895, c. 320, and it remains to be considered whether the refusal of the trial court to do so was error. As held by this court in Cruikshank v. St. Paul F. & M. Ins. Co., 75 Minn. 266, 77 N. W. 958: "Originally, at common law, judgment notwithstanding the verdict could only be granted in favor of the plaintiff, the remedy in favor of the defendant being to have the judgment arrested; but either by statute, or by judicial relaxation of this rule, judgment notwithstanding the verdict became quite generally allowable in favor of either party. But in either case the motion was based on the record alone, and the granting or denying it depended upon the pleadings. The rendition of judgment notwithstanding the verdict was discretionary with the court. It would only be granted when it was clear that the cause of action, or the defense, put upon the record did not, in point of substance, constitute a legal cause of action or defense. It was never granted on account of any technical defect in the pleadings, but in such case the court would order a repleader."

It seems very clear that the discretion to order judgment for an omission in a pleading is not to be exercised arbitrarily by the court, or upon mere whim or caprice, but only in cases where there is a deficiency in matter of substance in a pleading, which is sought to be cured by amendment. In such case the trial court cannot assume that an amendment will be desired, when it is not asked. Nor ought we at this time to assume that the defendant desired a repleader, for there is nothing whatever upon which to rest that supposition. To do so would be trifling with the procedure by which the administration of justice is secured. Without reference to the authority of the court to deal with the evidence in this case

86 M.—7

upon the motion for judgment, the failure to set forth facts in the answer from which it can be inferred that defendant was injured, and it being further apparent from the evidence that the defendant cannot truthfully make a better pleading, we are required to hold that plaintiff is entitled to judgment under chapter 320, supra, which does not limit, but extends, the previous rule governing the subject, and that it is the duty of this court, in a proper case, to order such judgment, when the trial court has refused to do so. Lough v. Bragg, 18 Minn. 106 (121); Marquardt v. Hubner, 77 Minn. 442, 80 N. W. 617; Brennan Lumber Co. v. Great Northern Ry. Co., 80 Minn. 205, 83 N. W. 137.

The order appealed from is reversed, and the district court is directed to enter judgment for the plaintiff.