# H. O. SKOOG and Others v. MAYER BROTHERS COMPANY.[1]

June 20, 1913.

Nos. 18,153—(192).

**Sale — warranty.**

1. A written contract for the sale of a boat dredge, providing, among other things, that the vendor would furnish an expert who would show the

[1] Reported in 142 N. W. 193.
122 M.—14.

dredge to be of a certain capacity, construed, and *held* to be a warranty of the capacity of the dredge.

**Unpaid notes — action upon breach of covenant.**

2. An action can be maintained upon a covenant of warranty in a contract of sale though the notes given for the purchase price are unpaid.

**Conditional sale — election of remedies by vendor — action upon warranty.**

3. A conditional sale, when title is reserved in the vendor until payment, gives the vendor an election to retake the property upon default or to sue for the price, and the assertion of one remedy is the waiver of the other; and when the vendor brings suit for the purchase price the sale becomes absolute and an action may be brought upon the warranty. Whether an action for general damages on a warranty in a conditional sale can be maintained, while the sale remains conditional, is not determined.

**Complaint construed.**

4. The complaint is construed to show that the plaintiffs accepted the dredge, and that they could sue on the warranty, though there was an allegation that they did not accept.

**Breach of warranty — measure of damages.**

5. The measure of general damages for the breach of a warranty is the difference between the value of the thing warranted and its value if as warranted; and a charge to that effect is not rendered erroneous, as against the defendant, though it refers to proof of defective construction as if necessary to a recovery on the warranty.

**New trial — evidence.**

6. Evidence erroneously received, tending to show damage resulting from delays caused by defects in the dredge, *held* not to require a new trial because prejudicial.

Action in the district court for Blue Earth county to recover $3,-900 for breach of warranty upon the sale of a boat dredge. The answer alleged that the machine was constructed in accordance with the contract and specifications and defendant complied with all the other requirements of the contract and alleged that plaintiffs accepted the machine and operated it in the year 1911. It also alleged that plaintiffs were inexperienced in operating a dredge machine and did not employ competent men to operate the same, and, if plaintiffs had any trouble in operating the machine, it was caused wholly by operating it without competent help. The case was tried before Pfau, J., who denied defendant's motion for a directed ver-

dict, and a jury which returned a verdict of $1,500 in favor of plaintiffs. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*C. O. Dailey,* for appellant.

*S. B. Wilson* and *G. G. Goodwin,* for respondents.

DIBELL, C.

This action was brought to recover damages for the breach of a warranty upon the sale of a boat dredge. Plaintiffs had a verdict for $1,500. Defendant appeals from the order denying its alternative motion for judgment or for a new trial.

The facts of the case are not complicated. Some confusion has come from an inadequate analysis. The action can be supported only as one for the breach of a covenant of warranty. The important question is whether there is a warranty. No other question of difficulty is presented. Most of the other questions, though properly here, need not have arisen.

1. The plaintiffs claim that there is in the contract an express warranty of the capacity of the dredge to dig 600 cubic yards of earth per day of 10 hours. There is no question of implied warranty.

The contract, so far as material to the determination of whether a warranty of the kind stated is a part of it, is as follows:

"The parties of the first part in consideration of the payments and agreements of the parties of the second part, hereinafter specified, agree and do hereby sell and agree to deliver to said parties of the second part, one new Mayer Boat Dredge of the latest pattern of one cubic yard capacity, said machine to conform to the standard specifications accompanying this contract and furnished by the said parties of the first part.

"The parties of the first part hereby agree to furnish an expert at their own cost and expense to make a demonstration of the rated capacity of said machine, and they agree that said expert shall show said machine to be capable of digging six hundred cubic yards of dirt per day of ten (10) hours, without straining said machine and

under normal working condition in digging where the ground is not frozen and where the yardage shall be not less than one hundred and seventy yards per one hundred running feet, said demonstration to take place during the first fifteen days' operation of the machine. * * *

"The parties of the first part agree to replace such portion of machinery at their own cost and expense, as may break during transportation, removal, unloading and erection of said machine and to replace free of charge F. O. B. Mankato, Minn., to second parties all parts of machinery which may break by reason of flaws or defects in material and workmanship for sixty days. * * *

"Parties of the second part hereby agree to accept the said machine at the end of fifteen days' trial and otherwise found according to this contract and specifications hereto attached."

To constitute a warranty, it is not necessary that the word "warranty" or a precise equivalent be used. It is enough if the vendor definitely undertakes that the thing sold shall be of a certain kind or quality.

The construction of the contract presents some difficulty.

It is clear enough that the defendant undertook to furnish a dredge capable of digging 600 cubic yards of dirt in a 10-hour day. It was intended that the plaintiffs should get just such a dredge. The contract should be construed to intend a warranty to that effect, available to the plaintiffs upon the subsequent failure of the dredge to do the work specified, unless the provisions for a 15 days' test, and a 15 days' trial, are determinative whether the dredge was of the agreed capacity.

If it was intended by the contract that the 15 days' trial should be a test which would be a final determination whether the vendor had furnished a machine which satisfied the contract, and that a retention of the machine after the 15 days was an acceptance of it as in full compliance with the contract, then there was no warranty surviving the retention of the machine. Williston, Sales, § 491. In other words, though it was the intention that the machine should have the 600 cubic yards capacity, if the parties fixed upon the 15 days' test and trial as the means of finally determining it, so that each party

should be bound, the retention was an acceptance free of any claim of warranty.

We are of the opinion that it was not intended that the test and trial should be determinative of the sufficiency of the dredge. The contract was executed, a part of the purchase price was paid, and the notes for the deferred payments were delivered, long before a test or trial was had. The contract was dated August 4, 1910, the delivery was in November, and there was no sufficient test or trial, if ever there was any, until the latter part of the April following. The test was not preliminary to a contract. No right to reject or return the machine was reserved.

We hold that there was an express warranty that the dredge would develop a capacity of 600 cubic yards per day.

2. The plaintiffs gave their notes in part payment of the dredge. These notes were unpaid. The defendant claims that a suit for the breach of a covenant of warranty in a sale cannot be successfully maintained until the payment of the price. The decisions are to the contrary. Thoreson v. Minneapolis Harvester Works, 29 Minn. 341, 13 N. W. 156; Fitzpatrick v. D. M. Osborne & Co. 50 Minn. 261, 52 N. W. 861; Schurmeier v. English, 46 Minn. 306, 48 N. W. 1112.

3. The contract contains this provision: "Title to said machine not to pass to the parties of the second part until final and last payment has been made." This made the contract of sale conditional. The defendant claims that an action for general damages for the breach of a covenant of warranty cannot be maintained while the sale is conditional nor until the absolute title has passed to the vendee. There are authorities to this effect. English v. Hanford, 75 Hun, 428, 27 N. Y. Supp. 672; Bunday v. Columbus, 143 Mich. 10, 106 N. W. 397, 5 L.R.A.(N.S.) 475; Frye v. Milligan, 10 Ont. 509. We are not to be understood as adopting this view. For the purposes of this case, it is unnecessary to determine the question.

The four notes evidencing the deferred payments were assigned by the plaintiff to the First National Bank of Mankato, and suit was brought, and judgment was entered, before the commencement of this action. The vendor in a conditional sale contract upon the default of his vendee may retake the property, or he may treat the sale as ab-

solute and sue for the price, and the assertion of one right is the waiver of the other. The sale became absolute when suit was brought on the notes. Alden v. W. J. Dyer & Brother, 92 Minn. 134, 90 N. W. 784.

The result is that an action on the warranty is maintainable, if the rule is that such action will not lie where the sale is conditional, and it is maintainable if the rule is otherwise.

4. The complaint alleges that the plaintiffs did not accept the dredge. An action on a warranty cannot be maintained, unless the property sold is accepted; that is, the vendee cannot rescind and bring an action for general damages on the warranty. The complaint clearly enough shows, by specific facts alleged, that there was an acceptance of the dredge in the sense of an actual taking of it with the intention of keeping it. Perhaps the allegation of nonacceptance should be construed as intended to negative a claim that by keeping it the plaintiffs agreed that the contract was fulfilled, that is, that the dredge satisfied the warranty. Upon this appeal we disregard the allegation of nonacceptance.

5. The court charged the jury that the measure of plaintiffs' damages was the difference between the value of the dredge as it was, and its value if as warranted. This was a correct instruction. In charging relative to the warranty, the court at times referred to a failure of the dredge to correspond with the warranty because of its defective construction. If the effect was to make the operation of the warranty depend upon defective construction, the plaintiffs might complain of it; but the defendant cannot.

6. Some evidence was introduced by the plaintiffs as to the time lost, the reasonable value per cubic foot of dredging, and the cost of running per day. There was no allegation of special damages to which this testimony could refer. Some little of this evidence may have been competent in proof that the machine was defective. Other of it was incompetent. Very little was received. The charge of the court disregarded it and put the damages upon the precisely correct basis. With some hesitancy we reach the conclusion that the error in receiving the testimony, under the circumstances of the case, the trial court having considered the error upon the motion for a new trial

and held it not prejudicial, should not now be held prejudicial and to require a new trial.

Order affirmed.