## SYVER LOE v. BJORKMAN BROTHERS.[1]

June 25, 1920.

No. 21,814.

**Breach of contract — dismissal and nonsuit right.**

1. In 1910 defendants contracted to install a heating plant in plaintiff's house for $520, payable in instalments as the work advanced and the balance 30 days after its completion. Plaintiff has paid $337.25 upon the contract. The only trouble plaintiff had with the plant was in heating his kitchen and two bedrooms, where the radiation was insufficient. The testimony showed that by expending not to exceed $125 plaintiff would get a heating plant such as he bargained for at a cost of $462.25 instead of $520. *Held*: The court was right in dismissing the action when plaintiff rested, for on his own showing plaintiff was not damaged upon the cause of action alleged in the first part of his complaint. [Reporter.]

[1] Reported in 178 N. W. 316.

**Same.**

2. In an action by defendants to recover $182.75, the balance due on the contract price, plaintiff failed to answer because of their promise to dismiss the action and complete the job, and judgment was entered against him in November, 1916, for $260. *Held:* Since the judgment could only be obtained upon pleading and proof of performance of the contract, it is adjudicated that there was a completion of the contract, and unless he can secure a vacation of the judgment and leave to answer, plaintiff is not entitled to the relief prayed for. For this additional reason, the dismissal was right. [Reporter.]

Action in the district court for Hennepin county to recover $3,000 for breach of contract. The answer pleaded an action in the municipal court of Minneapolis wherein defendants recovered judgment against plaintiff in the sum of $206.10, balance due for installation of a heating apparatus, no part of which judgment had been paid; that thereafter plaintiff's application to set aside said judgment and for leave to answer was in all respects denied. The case was tried before Hale, J., who when plaintiff rested granted defendants' motion to dismiss the action on the ground that plaintiff had failed to make out a case. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Charles A. Dalby* and *John M. Nelson*, for appellant.

*A. B. Darelius*, for respondents.

PER CURIAM.

The complaint alleges that, prior to 1913, plaintiff and defendants entered into a contract, whereby defendants agreed to install a heating plant in plaintiff's dwelling that would heat the same properly, for which plaintiff agreed to pay $520, part payments to be made during the progress of the work and the balance within 30 days after the completion thereof; that defendants installed the plant, but never completed the job, and that it was so improperly done that part of the house has been rendered untenantable; that on September 17, 1913, when plaintiff paid $100 on the contract, defendants agreed to complete the same, but have never so done; that plaintiff has paid in all $337.25 upon the contract, and that the expense necessary to complete the same is $200. It is plain that the recovery upon these allegations would be limited to $17.25. The general damages claimed on account of the untenantableness of part of the house are too imperfectly alleged and too remote, and the evidence bearing on the same was correctly excluded. This is conceded, for no assignment challenges the ruling. Plaintiff admitted on the stand that the only trouble he had had with the heating of the house was in the kitchen and two bedrooms where the radia-

tion was insufficient, and he testified that all of defendants' promises to complete the contract related to installing larger radiators in those three rooms.

Now, conceding the admissibility of the testimony of the witness Simmons as a basis for the jury to find the cost of adding the needed radiation in the three rooms (the witness having testified that he knew the cost in 1918 to be between $100 and $125, and "guessed" that it was nearly the same in 1910, the time the contract was made and the plant installed), it is entirely plain that the court was right in dismissing the case when plaintiff rested, for this testimony—and there was none other on the subject of damages— shows that by expending not to exceed $125, in addition to the $337.25 paid, plaintiff would get a heating plant such as bargained for at a cost of only $462.25 instead of $520, the contract price. He was not damaged, on his own showing, upon the alleged cause of action stated in the first part of the complaint.

Nor do we think plaintiff's situation was at all helped by these additional allegations of the complaint to the effect that in the fall of 1916 defendants began an action in the municipal court of Minneapolis against this plaintiff to recover $182.75, the balance of the price for the heating plant, though the contract had not been completed and though defendants by their improper construction of the plant had caused this plaintiff damages; that defendants promised to dismiss the action and complete the job; that because of this promise this plaintiff failed to answer, and judgment was entered in November 1916 in said action in favor of these defendants and against this plaintiff for $260; that plaintiff did not know that defendants had violated their promise and entered judgment until the spring of 1917; that the judgment is collectible, but it has not been paid, though it is alleged that defendants have been and are persecuting plaintiff attempting to procure its payment. It is clear that the judgment could only be obtained upon pleading and proof of performance of the contract, for final payment did not come due until 30 days after the job was done. It is therefore adjudicated that there was a completion of the contract. Unless by appropriate proceedings in the court where the judgment was entered, plaintiff can secure a vacation thereof and leave to answer, so as to set up as a defense the matters alleged in his complaint herein, he is precluded from the relief he thinks himself entitled to.

It is to be observed that neither on the pleadings nor the proof did plaintiff make out a cause of action for the breach of a warranty. Such a cause of action would have survived the judgment for the contract price. Thoreson v. Minneapolis Harvester Works, 29 Minn. 341, 13 N. W. 156; 3 Dunnell, Minn. Dig. § 8618.

For reasons stated the dismissal was right.

Order affirmed.