## JOSEPH D. BENNETT *v.* P. J. KNISS.

### July 23, 1880.

**Evidence of Value.**—There being a question in this case as to the value of certain horses and harness at a particular time, testimony as to what their value was at a prior date, (when they were delivered to the defendant, in whose possession, so far as appeared, they continued to remain,) *held*, upon the facts of the case, to be sufficient to warrant the court in finding that the value testified to was the value of the horses and harness at the particular time mentioned.

Evidence in this case *held* sufficient to support the findings of the trial court.

Appeal by defendant from a judgment of the district court for Rock and Pipestone counties, and from an order refusing a new trial, the action having been tried before *Dickinson, J.,* without a jury.

*Daniel Rohrer,* for appellant.

*Emory Clark* and *M. B. Soule,* for respondent.

BERRY, J. The majority of the many points made in the defendant's brief are, in effect, that the finding of the trial court is, in some particulars, unsupported by the evidence. Upon a careful perusal of the paper-book, we discover no material finding of which the defendant can justly complain, upon this or any other ground. We do not deem it necessary to speak with particularity of more than one or two findings.

The defendant's contract was that, if he failed, through negligence, to do a certain thing which he agreed to do, he would deliver to plaintiff a span of horses and a harness, which he had received from plaintiff, "or its equivalent in other stock, or cash." The contract was made December 3, 1874, at which time plaintiff delivered the horses and harness to defendant. The contract was broken in October, 1875. The court below very properly held that, in consequence of his breach of contract, and his failure to return the horses and harness, or the equivalent in stock or cash, the defendant had become liable in damages for the value of the

4

horses and harness. The court further held, however, that, as a prerequisite to a right of action for such damages, it was necessary for the plaintiff to make a demand upon the defendant, unless such demand was waived, or it appeared that it would not have been complied with, and, therefore, would have been useless. It was also found, upon what we regard as sufficient evidence, that a formal demand was dispensed with by the conduct of the defendant.

We are inclined to the opinion that, upon defendant's breach of contract, and his failure to deliver within a reasonable time the horses and harness, or the equivalent stipulated for, his liability to respond in damages became absolute, and no demand was necessary. This, however, would be important only with reference to the time as of which the value of the horses and harness was to be estimated. If the liability of the defendant became absolute, in the manner and at the time mentioned, the value of the horses and harness should be estimated as of that time, and interest should be allowed on such value from that time. The court below was, however, of opinion that, no demand having been made, the value of the horses and harness should be estimated as of the date of the commencement of the action, in 1878, and that interest should be allowed on such value from that date. But the court having found that the value was the same at the time when the defendant's failure to deliver after a reasonable time occurred, and at the date of the commencement of this action, it will be apparent that the error (if error it was) as to the matter of demand was prejudicial only to the plaintiff—that is to say, the amount of interest which he recovered was less than he would have been entitled to recover, if a demand had been held to be wholly unnecessary. Of this the defendant, of course, cannot complain.

The only evidence of the value of the horses and harness was that of J. G. Bennett, who testified that he knew the same, and that, at the time when the contract between the plaintiff and defendant was made, and the horses and harness

delivered to the defendant, they were, in his judgment, worth $250. Upon this testimony, the court found that their value, both at the date of the commencement of the action, and at the time of the defendant's failure to return them or their equivalent, as before mentioned, was $250. This evidence was introduced without objection, and, as remarked by the court below, for the purpose of furnishing a basis upon which to estimate the damages to which the plaintiff was entitled. This was, perhaps, not the most satisfactory evidence conceivable, but it was received without objection, and as there is no presumption, one way or the other, as to whether there had been any change in the value of the property, and as it was (so far as appears) in the hands and possession of the defendant, who was, therefore, in a position enabling him to show that it had depreciated, (if such were the fact,) and as no evidence was introduced by him on the question of value, we are of opinion that it is sufficient to support the court's finding.

None of the other matters brought to our attention in the brief of the defendant's counsel appear to us to require special consideration in this opinion.

Judgment affirmed.