JOHN S. TURNBULL *vs.* SEYMOUR, SABIN & CO.

November 3, 1883.

Sale of Machine with Warranty—Agreement to furnish another or return Notes given—Failure of Seller to Elect.—Defendants sold a machine to the plaintiff with warranty as to its capability, and with the express agreement that if it could not be made to work as guarantied, it should be returned and a new machine given in its place, or the notes given by plaintiff for the purchase price should be refunded. It could not be made to work as represented, and was returned to defendants. *Held*, that the obligation rested upon the defendants to perform their agreement in one of the modes specified; that by neglecting to exercise their right of election as to the mode of performance, it was at an end, and the plaintiff might, without previous demand, recover the notes.

Appeal by defendant (a corporation) from an order of the district court for Clay county refusing a new trial, after a trial by *Stearns*, J., without a jury.

*Benedict Howard* and *Marsh & Searles*, for appellant.

*Burnham & Gould, Ira B. Mills* and *W. R. Tillotson*, for respondent.

DICKINSON, J. The defendant sold an agricultural engine to the plaintiff, warranting it in respect to quality and capability. The contract of sale and warranty was embodied in a written agreement, by the terms of which it was also stipulated that if the engine could not be made to performed as guarantied, it should be returned to the place where it was received, and a new engine should be given in its place, or the notes given by the plaintiff for the purchase price should be refunded. The engine could not be made to perform as guarantied, and the plaintiff returned it to the place where he had received it, and demanded a settlement and the return of notes. Upon refusal he commenced this action, in which, among other things, he sought to recover the notes. This relief was awarded by the court.

The plaintiff was entitled to the relief granted. His right to recover the notes does not rest upon the mere fact of breach of warranty. If the contract had been merely a warranty, the plaintiff

should have only had compensation in damages for its breach. *Knoblauch* v. *Kronschnabel*, 18 Minn. 272, (300;) *Thoreson* v. *Minneapolis Harvester Works*, 29 Minn. 341. By the very terms of this contract the plaintiff became entitled to have his notes restored to him, unless the defendants should elect to give him a new machine in place of that returned. The obligation resting upon the defendants to perform their agreement in one or the other of the ways stipulated, and, the election being with them, it became their duty, if they would avail themselves of their right of election, to exercise that right and to perform their agreement in one way or the other, according to their own determination. The right to choose between the two alternatives was a provision for their benefit, and might be waived. They, neglecting to make such choice, must be deemed to have waived it; and, not having performed their agreement in any way, the plaintiff might recover his notes in accordance with the contract and without previous demand. *Bennett* v. *Kniss*, 27 Minn. 49; *Elkins* v. *Parkhurst*, 17 Vt. 105; *McNitt* v. *Clark*, 7 John. 465.

The agreement of the defendants to repair certain parts of the machine was not of a character to modify that respecting the return of it, if it could not be made to perform as guarantied.

The refusal of a new trial is affirmed.