McCORMICK HARVESTING MACHINE COMPANY *vs.* J. M. CHESROWN.

December 22, 1884.

**Executory Contract of Sale—Trial before Acceptance.**—In case of an executory agreement to furnish a piece of machinery guarantied to work satisfactorily, the person to whom it is furnished has the right to make a trial of it, reasonable as respects both time and manner, before formally accepting it, and a right to reject it if it does not work satisfactorily to him.

**Same—Refusal to Accept after trial—Return—Notice.**—If, upon such reasonable trial, it does not work satisfactorily, it is not necessary for him to return it, (in the absence of an express agreement to that effect,) but it is sufficient if, within a reasonable time, he notify the person furnishing it in substance that it does not work satisfactorily, and that he declines to accept it.

Plaintiff brought this action in the district court for Faribault county, upon a promissory note given in part payment for a harvester. The answer alleged want of consideration, and that the harvester was sold "on trial" and guarantied to work satisfactorily, and that it was returned because it failed to work satisfactorily.

The action was tried by *Severance,* J., without a jury, and upon the findings of the court judgment was ordered for defendant. Plaintiff appeals from an order refusing a new trial.

*M. S. Wilkinson* and *Benj. G. Reynolds,* for appellant.

*Andrew C. Dunn,* for respondent.

BERRY, J. The evidence shows that in August, 1880, the plaintiff agreed to furnish defendant "a cord binder" in 1881, "guarantied to work satisfactorily." The agreement was executory, and hence when the cord binder was furnished defendant had the right, before finally accepting it, to make a trial of it, reasonable as respects both time and manner, and a right to reject it if it did not work satisfactorily, that is to say, satisfactorily to him. 2 Addison on Cont. 942; Anson, Cont. 285; Pollock, Cont. 466; *Doane* v. *Dunham,* 65 Ill. 512; Leake, Cont. 284. In case, upon reasonable trial, it did not work satisfactorily, it was not necessary for defendant to return it to plaintiff, in the absence of an express agreement to that effect. It was sufficient for him, within a reasonable time, to notify plaintiff in substance that it did not work satisfactorily, and that he declined to accept it. *Gibson* v. *Vail,* 53 Vt. 476; *Doane* v. *Dunham, supra; Starr* v. *Torrey,* 22 N. J. Law, 190; *Smalley* v. *Hendrickson,* 29 N. J. Law, 371; *Lucy* v. *Mouflet,* 5 Hurl. & N. 229; *Grimoldby* v. *Wells,* L. R. 10 C. P. 391; 2 Benj. Sales, (4th Am. Ed., Corbin's,) §§ 978, 1348; Leake, Cont. 409, 827. Of course, the effect of the notice might be destroyed by continued use thereafter, such as would estop defendant from denying acceptance. The foregoing views are expressed partly with reference to a new trial, and partly, also, in disposing of the present appeal.

Upon the matter of reasonable time, as respects the trial of the binder and the notice to plaintiff that it did not work satisfactorily and was not accepted, the trial court finds that, after defendant had used the cord binder three or four days, he notified plaintiff that it did not work satisfactorily, and to come and "fix it;" that plaintiff did, in a day or two thereafter, attempt to "fix it" and make it work satisfactorily, "but failed to do so; that *plaintiff then requested the defendant to make further trial of the machine, and defendant did so for five or six days longer;* and that defendant used and tried the machine in

v.33M—3

all 14 days." It is also found that at the end of the 14 days "defendant notified the plaintiff that said machine did not work well or satisfactorily to him, and to come * * * and take it away." The plaintiff claims that the part of the finding which we have italicized is wholly unsustained by the evidence, and upon a careful examination of the settled case we find the claim correct. The court further finds that defendant never accepted the machine, and "did not keep, use, or try the same for an unreasonable time before notifying the plaintiff that the same would not work, and did not work, well or satisfactorily to him, * * * and the defendant did, within a reasonable time after receiving said machine from plaintiff, notify him of its defective condition, and request him to take it away." How far this finding of reasonable conduct on defendant's part is based on the finding above italicized it is impossible to say, and, as the latter finding is unsupported by any evidence, there must be a new trial. This result is perhaps unfortunate, but the record is insurmountable.

The findings and order for judgment are set aside, and a new trial directed.