HANSEN & LINEHAN V. THE CONSUMERS' STEAM HEATING
COMPANY.

1. **Contract**: SEVERABLE: RESCISSION FOR BREACH AS TO PART. A
party is not entitled to rescind a divisible contract for a breach of its
conditions, unless such breach goes to the whole consideration. (*Myer
v. Wheeler*, 65 Iowa, 390.)   And so, where plaintiff had agreed to fur-
nish to defendant at a certain price all the coal it would need during
the season, the coal furnished during any month to be paid for on the
10th of the month following, *held* that plaintiffs could not declare the
contract at an end upon a failure of defendant to pay, at the time agreed,
for coal already delivered, and recover the market value, instead of the
contract price, for coal delivered after notifying defendant that they
regarded the contract as rescinded.

*Appeal from Dubuque District Court.*

SATURDAY, OCTOBER 22.

THIS is an action on account for an alleged balance due
plaintiffs for coal sold and delivered by them to defendant.
It is admitted in the pleadings that the parties entered into
a parol contract, whereby plaintiffs undertook to furnish, at
specified prices per ton, all of the coal which defendant
should require in its business during the winter of 1884–85.
The coal was to be delivered on the track, in car-lots of from
one to three cars per day.   Plaintiffs alleged that one of the
conditions of the contract was that defendant should pay for
all of the coal delivered in any month, on the 10th day of
the following month, but this allegation is denied by defend-
ant.   The contract was entered into in October, 1884, and
during that month and November coal was furnished under
it to the amount of $1,925.   A statement of the account

was furnished to defendant, and on the 10th of December it paid $500 thereon. On the 24th of December plaintiffs notified defendant that they would not continue to furnish coal under the contract after the 1st of January, unless the balance due on the October and November bills should be paid by that date; and in the notice, which was in writing, they advised defendant that they claimed that by the terms of the contract the coal delivered during any month was to be paid for on the 10th of the following month. There was also evidence that this same claim was made verbally, a short time before the 10th of December. Plaintiffs continued to deliver coal under the contract during December. No part of the balance due on the October and November bills was paid on the 1st of January, and but a portion of it has ever been paid. During the months of January, February and March, 1885, defendant obtained 21 car-loads of coal from plaintiffs, for which they claim to recover the market value at the times of delivery, which, in some instances, was greater than the contract price. Defendant pleaded a counter-claim, in which it alleged that plaintiffs had failed and refused to deliver the full amount of coal required by it in its business during the period covered by the contract, and that it had been compelled to supply itself from other sources, at prices in excess of those stipulated for in the contract. There was a verdict and judgment for plaintiffs for the full amount of their claim. Defendant appeals.

*Fouke & Lyon* and *Henderson, Hurd & Daniels*, for appellant.

*Longueville & Linehan*, for appellees.

REED, J.—The verdict of the jury determines that defendant was bound, under the contract, to pay for the coal which should be delivered during any month, on the 10th day of the following month. The important question in the case is whether plaintiffs had the right, on the failure or refusal of defendant to pay, at the time stipulated, for the coal which

had then been delivered, to terminate the contract. The district court instructed the jury that if the agreement as to the time of payment was as claimed by plaintiffs, they had the right, on the occurrence of a breach of defendant's undertaking in that regard, to treat the contract as terminated; and, in that case, they would be entitled to recover the market value of such coal as they delivered after they notified defendant that they regarded the contract as rescinded.

It is very clear, we think, that the contract was severable. Plaintiffs undertook to deliver so much coal as defendant might require in its business during the time covered by the agreement. The coal was to be delivered from time to time, as it would be required in the business, and defendant undertook to pay on the 10th day of each month, at the stipulated price per ton, for such coal as should be delivered during the preceding month. At the end of any month, the rights and obligations of the parties, so far as they related to the coal delivered during the month, were settled and determined by the contract, and they were not dependent upon whether anything further should be done under it or not. Plaintiffs were entitled, absolutely, to be paid for the property on the 10th day of the following month, and they could maintain an action at that time for the recovery of the stipulated price. We held in *Myer v. Wheeler*, 65 Iowa, 390; that a party is not entitled to rescind a divisible contract for a breach of its conditions, unless such breach goes to the whole consideration. The present case is not distinguishable from that. We think, therefore, that the district court erred in the instructions, the substance of which is set out above.

REVERSED.

ADAMS, CH. J., took no part in the decision.