J. W. ROSE Appellant, v. MARGARET MEEKS and LAFAYETTE MEEKS.

BREACH OF WARRANTY FOUND: Damage equals plaintiff's claim.

*Appeal from Hamilton District Court.*—HON. J. L. STEVENS, Judge.

SATURDAY, MAY 19, 1894.

ACTION in equity for judgment on two promissory notes executed by defendants to plaintiff in part payment for a steam engine, and for decree foreclosing a mortgage on real estate given to secure said notes. Defend-

ants answered, alleging a warranty of said engine, a breach thereof, and asked to recover damages. Plaintiff replied, denying the warranty. Decree was entered, finding a warranty and breach; and that the damages were just equal to the amount due on the notes. Plaintiff's petition was dismissed, and judgment entered against him for costs, from which he appeals.—*Affirmed.*

*McGrath & Bryan* for appellant.

*Wesley Martin* for appellees.

GIVEN, J.—The contentions are whether there was a warranty by plaintiff of the engine as alleged, and, if so, whether there was a breach of the warranty, and the amount of damage. Defendants alleged that the engine was purchased for the express purpose of being used in the operation of a threshing machine, and was warranted by plaintiff to be well made, of good material, and suitable in all respects for use in the operation of a threshing machine; that, in fact, it was worthless, not well made, nor of good material, and was not suitable for the purpose for which it was purchased. The engine in question was purchased by the defendant Lafayette Meeks. Mrs. Meeks (his wife) signed the notes as surety. It was not a new engine. It had been owned and operated by the plaintiff for some time prior to its purchase by Mr. Meeks, and Mr. Meeks had seen it in operation "working butter" before he purchased it. There is no dispute as to the law applicable to this case, and the inquiry is whether there was a warranty as alleged, a breach of that warranty, and the amount of damage, if any. It is not required that we set out or discuss the evidence. It is sufficient to say that, in our opinion, it fairly shows that the plaintiff, having full knowledge of the capacity of the engine, and the purpose for which defendant wanted it, did represent and warrant that it was suitable for running a threshing machine, and that defendant Lafayette Meeks was induced, in part at least, by that representation to make the purchase. The evidence shows with equal clearness that the engine was not suitable for running a thresher, because of a want of boiler capacity, and the worn condition of the engine. The plaintiff asks judgment on the notes for three hundred and sixty dollars, with interest. We think the evidence shows that the difference in the value of the engine as it was at the time of the sale and as it was warranted to be was at least equal to the balance due upon the notes sued upon. Our conclusion is that the decree of the district court should be AFFIRMED.