THE AULTMAN & TAYLOR COMPANY v. LEONARD LAWSON, *et al.*, Appellants.

**Contracts:** DIVISIBILITY: *Construction.* A contract for the sale of a separator and engine is divisible, and the purchaser cannot rescind the contract in its entirety for breach of warranty as to the engine alone, where the warranty as to the engine and the separator are separate, and the contract provides that the warranty as to one shall not apply to the other, nor in any way affect the payment of the purchase price of the other, and the consideration, though stated in one lump sum, is the aggregate of prices agreed upon as to the different parts, notwithstanding that the property was described as an establishment.

SAME. It cannot be urged against the divisibility of a contract for the purchase of a threshing outfit, consisting of several parts, that the consideration is stated as a gross sum, where it appears that this is the aggregate of the prices agreed upon as to the different parts.

*Appeal from Shelby District Court.*—HON. WALTER I. SMITH, Judge.

WEDNESDAY, JANUARY 20, 1897.

ACTION in equity to recover judgment on six promissory notes executed by the defendant to the plaintiff, and for a decree foreclosing a chattel mortgage on "one Aultman & Taylor separator complete, with the straw stacker, belts, and all fixtures with or belonging to the same; one truck wagon under the same; also, one

Aultman & Taylor Eureka engine complete; also, one tank wagon complete." Defendants answered that the notes sued upon were given for the purchase price of the property described in the mortgage, and pleading breach of warranty, rescission, and failure of consideration. Judgment was rendered for the full amount of the notes in favor of the plaintiff, and decree entered foreclosing said chattel mortgage. Defendants appeal. —*Affirmed.*

*Byers & Lockwood* for appellants.

*Thos. H. Smith* for appellee.

GIVEN, J.—I. The learned district judge found as follows: "(1) That defendants executed to plaintiff the notes and mortgages alleged in the petition. (2) That said notes and mortgages were given in consideration of what is known as one of plaintiff's No. 32 establishments, sold by plaintiff to Leonard Lawson, under a written contract, a copy of which is attached to defendants' second amendment to answer. (3) That defendants have failed to establish that said contract was obtained by such false representation on the part of plaintiff, as to entitle defendants to avoid or rescind the same. (4) That, by the express terms of said written contract, said machinery was sold, 'subject solely and only to the warranty printed below'; and that thereby all other warranties, whether express or implied, are excluded. (5) That the establishment sold to said defendant Leonard Lawson consisted of a traction engine, a separator, a water tank, a weigher and elevator, and other things incident to a complete steam threshing outfit. (6) That said separator complied with all the terms of the written contract. (7) That it was provided by said written contract that, 'when engine and thresher

is sold as an establishment, the failure of any part of machine to fulfill its warranty shall not in any way, affect the payment of the purchase price of any other part or parts of said establishment,' and that thereby defendants are precluded from rescinding as to the separator. (8) That, this being a suit on notes negotiable in form, they import a full consideration; and, to defeat a recovery to the full extent of said notes, defendants must prove the extent to which the consideration has failed, and that they have wholly failed to do so."

The court held "that when a suit is brought on a negotiable promissory note, and the defendant relies on a partial failure of consideration, or a set-off, he cannot defeat a recovery of the whole amount of the note, without showing the amount of such failure to set off." Appellants' sole complaint is of this holding by the court. They concede that, if the written contract of purchase is divisible, the conclusion is correct, but contend that it is not divisible, and therefore the court erred. The sole question to be considered is, whether the written contract is divisible. Other questions are discussed by appellee, but, in view of this single contention of appellants, they need not be considered; for, if appellants' contention is correct, the judgment must be reversed, and if not, it must be affirmed. The contract of purchase is in the form of an order from the defendant Lawson to the plaintiff, for "one of your No. 32 establishments, consisting of Eureka 12 horse power engine complete; 32 in. cylinder; separator, 48 in. rear; also, 150 ft. Gandy belt; also, one weigher and elevator, combined; one tank wagon,—all complete." By the next paragraph, Lawson agrees to pay the freight charges, "and further agrees to pay to your order, before the time of delivery, the sum of nineteen hundred and eighty dollars, as follows." Then follows the provision for the

five promissory notes, the last falling due January 1, 1894, being the notes sued upon, and to secure which the mortgage was given. The contract is quite lengthy, and we will only notice so much thereof as is necessary to a determination of the question under consideration. It provides that the sale is "subject fully and solely and only to the warranty printed below," Therefore, evidence as to other warranties cannot be considered. Printed below is a paragraph entitled, "Warrant on Thresher," wherein it is warranted "that with good management, the 'Aultman-Taylor' thresher, is capable of doing a good business in threshing and cleaning grain, and is superior in its adaptation for separating and saving from the straw the various kinds and conditions of grain and seeds." This warranty is further conditioned that the purchaser shall follow the printed rules of the manufacturers, and if, by so doing, he is unable to make it operate well, will give written notice by registered letter. "If they are not able to make it operate well (the purchaser rendering necessary and friendly assistance), and the fault is in the machine, it is to be taken back, and the payments refunded, or the defective part remedied and made the same as in their other machines, which do perform satisfactorily." The next paragraph is entitled "Warranty on Engine," and warrants "that with good management the 'Aultman-Taylor' engine is capable of supplying as much power as any engine of the same horse power made in the United States, and that it is constructed of first-class material throughout." This warrant is further conditioned the same as that on the thresher. The next paragraph is entitled "Warranty on Sawmill," but, as no sawmill was purchased, it need not be further noticed. Said contract contains these further provisions: "The warranty on engine applying to engine only, the warranty on thresher to thresher and horse power only,

when engine and thresher, or engine and sawmill, or any other combination of machinery is sold as an establishment, the failure of any part, or machine, to fulfill its warranty shall not in any way affect the payment of the purchase price of any other part, or parts, of said establishment."

II. "A party is not entitled to rescind a divisible contract for a breach of its conditions, unless such breach goes to the whole consideration." *Hanson v. Heating Co.*, 73 Iowa, 77 (34 N. W. Rep. 495); *Myer v. Wheeler*, 65 Iowa, 390 (21 N. W. Rep. 692), and cases there cited. In Parsons, Cont. (8th Ed.), page 634, on the subject of the entirety of contracts, it is said: "No precise rule can be given by which this question in a given case may be settled. Like most other questions of construction, it depends upon the intention of the parties; and this must be discovered in each case, by considering the language employed and the subject-matter of the contract." Appellants rest their contention, that the contract is an entirety, on the claim that the machinery was sold "as an establishment," and that the consideration is in "one lump sum." If nothing further appeared, the language of the contract in these respects would clearly indicate that it was intended as a single contract. It will be observed, however, that the contract as to the thresher, and as to the engine, are separately expressed, and that the failure of either "to fulfill its warranty, shall not in any way affect the payment of the purchase price of any other part or parts of said establishment." While it required both engine and thresher to make a complete establishment, either could be used with another engine or thresher; and hence the provision that a failure of one should not affect payment for the other. True, the consideration is stated in "one lump sum," but the evidence shows that

sum was the aggregate of prices agreed upon as to the different parts. The contract does not show the prices on different parts, but, being silent on that subject, it was competent to prove what the agreement was in that respect, such proof not being in contradiction of the contract. Defendant received, with the establishment, an elevator and weigher, price ninety dollars, which was taken back at his request, and the price credited on the notes, fifteen dollars being credited on each.

Appellants cite *Fletcher v. Arnett* (S. D.) 57 N. W. Rep. 915. The ruling is well summarized in the headnote, as follows: "A contract on the part of father and son to convey land owned by the father individually, and land owned by the son individually, to a party who agrees to convey a tract of land on which there was a mortgage, but who agrees to pay off and discharge said mortgage, and pay one thousand and forty dollars cash, constitutes an entire contract, although there may be a clause in the contract that in case the mortgage is not paid off, and the one thousand and forty dollars cash not paid, the deed to the land conveyed by the father shall be returned, and the party's right to such land be forfeited." An examination of that contract shows that it does not contain any similar provisions to those found in this contract, and that the decision is not in point in this case. *Baird v. Boehner*, 77 Iowa, 622 (42 N. W. Rep. 454), also cited, was a civil action for seduction. Defendant set up a contract of settlement, whereby, in consideration of a sum to be paid, plaintiff agreed to leave and to stay away from Malvern for one year, and to "waive all claims, both criminal and civil," against the defendant. The court held the agreement to waive all claims "criminal" to be illegal, and that the contract was not severable. The court says: "If plaintiff should

attempt to enforce the contract after she had violated it by prosecuting defendant, she could not insist that the contract is divisible, and that she should recover to the extent to which her other promises constituted a part of the consideration. It will not be claimed that she could recover. It could not be determined just what sum defendant ought to recover against plaintiff's claim to recover for his breach of the contract." We have stated enough of the case to show that it is not authority for holding that this contract is not severable. *Wernli v. Collins*, 87 Iowa, 548 (54 N. W. Rep. 365), is cited and especially relied upon. That action was upon a contract whereby plaintiff agreed to erect a windmill pump, tower, well, and the necessary conducting pipes, and "to furnish a good supply of water for stock," for two hundred and sixty-five dollars, for which plaintiff was to give her note. He failed to furnish a good supply of water for stock, and the defendant rescinded the contract. We held that this contract was an entirety, and that, because of plaintiff's failure, the defendant had a right to, and did, rescind the contract, and therefore plaintiff was not entitled to recover thereon. The case is distinguished from actions on the *quantum meruit* where there was a partial failure. There were no separate warranties in that case as in this, and no provision that the failure of any part should not affect the payment of the purchase price of any other. It seems to us entirely clear that it was the intention of the parties that this should be a severable contract. We may add that we have examined the evidence, and reach the conclusion that the defendants have failed to show a breach of either of the warranties. There is but little complaint as to the thresher, and we think the failure of the engine to work as expected, is attributable to

mismanagement, rather than to any defect or want of capacity. The judgment of the district court is AFFIRMED.