REEVES & COMPANY v. NICK CRESS and Others.

July 8, 1898.

Nos. 11,113—(210).

Sale on Trial—Action for Price—Pleading—Evidence of Warranty Immaterial.

In an action for the purchase price of goods sold, the answer alleged that they were sold on trial, and, if not to the satisfaction of the purchaser, they could be returned; that they were not satisfactory, and were returned. A warranty was also alleged, and a breach of the warranty; but the answer contained no allegation of damages for such breach, or counterclaim for the same. On the trial, plaintiff admitted that the sale was on trial, to the satisfaction of defendants, but sought to show an acceptance after a trial. *Held*, under these circumstances, evidence of the warranty was immaterial, and it was error to receive the same.

Action in the district court for Mower county by plaintiff corporation to recover $740, the purchase price of certain farm machinery. The cause came on for trial before Whytock, J., and a jury, which returned a verdict in favor of defendants. From an order denying plaintiff's motion for a new trial, it appealed. Reversed.

*John M. Rees*, for appellant.

The legal intendment of the contract of sale clearly implies that the title was to remain in plaintiff until defendants were satisfied with the machinery; and the only question in the case is whether defendants accepted the machinery as satisfactory. All evidence bearing on the question of warranty and a breach thereof did not relate to any issue in the case, was immaterial to any issue in the case, and was incompetent for any purpose. See O'Dea v. Winona, 41 Minn. 424; Thompson v. Libby, 34 Minn. 374.

*French & Wright*, for respondents.

Plaintiff's contention that the machinery was accepted by defendants was a question of fact for the jury, properly submitted by the instructions of the court, and the verdict in that regard will not be disturbed by this court.

CANTY, J.

Plaintiff brought this action against defendants to recover $740, the purchase price of "one Reeves grain separator, one Nethery's wind stacker, one weigher and one feeder."

The answer alleges that on July 29, 1895, plaintiff made "a conditional sale" of the property to defendants, and

"Represented and warranted that said separator, stacker, weigher and feeder were well made of good material; that the same were in good order and repair; that the same would do good work for which the same were intended, as a separator of grain, stacker and weigher, and would do better work in that regard than any of their kind, in threshing and separating grain; * * * that defendants might take said machinery and give it a reasonable trial, and if the same proved to be as warranted and represented, and worked to the satisfaction of the defendants, then in that case defendants were to pay plaintiff therefor in second-hand machinery, and in addition thereto seven hundred and forty dollars ($740) in cash, but

if said machinery did not do good work, and did not work to the satisfaction of the defendants, or if the same was not as represented and warranted, then in that case the plaintiff agreed to take back said machinery at the place delivered to defendants, and defendants were not to pay therefor."

It is further alleged that defendants took the machinery, and gave it a reasonable trial; that it did not fulfill the warranty, or work to their satisfaction, and they returned it and have refused to accept or pay for it.

On the trial, defendants had a verdict; and from an order denying a new trial, plaintiff appealed.

On the trial plaintiff proved that the machinery was delivered to defendants under a memorandum or agreement, signed by two of them, as follows:

"July 29, 1895.

"Nick Cress, Rob. Collins and P. Bumgarten:

"To one Reeves 36x60 sepr., Nethery's wind stacker, weigher, feeder, for their Adv. sepr., feeder, bagger and Reeves stacker, and $740.00 in cash on or before Jan. 1st. 1896. If said new rig fails to fill the bill or give satisfaction, Duffy to put on Parsons feeder on Adv. or Reeves at $150.00, and take away said new rig, and said company of Cress & Co. owes said Duffy nothing.

"Robert Collins.
"Nicollas Cress."

Evidence was also offered by plaintiff tending to prove that defendants had accepted the machinery so delivered to them by plaintiff.

On the cross-examination of one of plaintiff's witnesses, defendants were permitted, against objection, to introduce evidence tending to prove the warranty set up in the answer. In our opinion, this was error. Whether or not the above-quoted memorandum contained the whole contract, or whether an oral warranty could be proved notwithstanding such memorandum, we need not consider. Stripped of the allegations of warranty, the answer merely alleges a sale, or sale and barter, on trial; the trial to be to the satisfaction of the purchasers. This is according to the terms of the memorandum also. By introducing the memorandum in evidence, plaintiff admitted that the sale was on trial, to the satisfaction of the defendants. Under such a contract, the purchaser has

an absolute right to return the property within a reasonable time, and the vendor has no remedy. Benjamin, Sales (6th Ed.; Bennett's Notes) 568, 569. Then, if defendants have not accepted the property so sold on trial, the alleged warranty adds nothing to defendants' defense, and is immaterial.

Whether such warranty would outlive such acceptance, we need not consider. In any event, a breach of the warranty after defendants had accepted would not give them a right to rescind. Their only remedy then would be for damages for the breach. But there is in their answer no counterclaim for any such damages, and no allegation of any such damages. It therefore follows that proof of the alleged warranty was wholly immaterial in this case.

But was such proof error without prejudice? Even if the jury believed that defendants had accepted the machinery, or if the jury was in doubt on that point, the fact that there was a warranty, and a breach of it, would have a tendency to induce them to return a verdict for defendants in any event. Then the error was prejudicial.

There are other errors of the same kind made in the rulings on the admission of evidence, and in the charge of the court concerning the oral warranties and representations made at and before the time of the making of the contract, which warranties and representations relate to the quality of the machinery, and the kind of work it would do.

We find no other error in the record. The testimony given as to the character of the work which was done by the machinery was merely proving the result of the various trials of the machinery, and was competent.

Order reversed, and a new trial granted.