NORTHWEST THRESHER COMPANY v. H. H. HULBURT.[1]

February 7, 1908.

Nos. 15,409—(187).

**Promissory Note—Defense.**

In this action to recover the amount due upon a promissory note which contained the statement that it was executed by respondent in consideration of the credit granted to a purchaser of machinery from appellant, *held*, it conclusively appears from the evidence that the note was given as security for a note of like amount executed by a third party as the purchaser of machinery from appellant, and was subject to the defenses which existed in favor of such purchaser by reason of a breach of the warranty contained in the contract of purchase.

**Same.**

It was conclusively established by the evidence that the machine so purchased was taken back by appellant, the contract of purchase rescinded, and that another machine was sold to the purchaser in place thereof, under a new and separate contract of warranty, which in all respects superseded the first; that the notes which the purchaser had executed in payment of the first machine were retained by appellant to pay for the second machine; and the note in suit was also retained by appellant as collateral security for one of such notes of the same amount.

**Evidence not Prejudicial.**

The written contracts of purchase, in connection with the note, could not be varied by parol testimony to prove the conditions upon which the note was executed by respondent; but the result was not affected by the admission of such evidence, and appellant was not prejudiced thereby.

**Parol Evidence Admissible.**

Respondent was entitled to allege and prove that a mistake was made in executing the second contract with respect to the time allowed for testing the machine, and it was not error to receive oral testimony that such a mistake was made, even though the answer did not technically ask that the contract be reformed in that respect.

**Breach of Warranty.**

It conclusively appears from the evidence that the machine did not comply with the terms of the warranty, and that within the time prescribed by the contract respondent served proper notice of the fact upon appellant.

[1] Reported in 115 N. W. 159.

Action in the district court for Marshall county to recover $1,283, upon a promissory note. The case was tried before Grindeland, J., who directed the jury to return a verdict in favor of defendant. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*S. B. McBeath* and *Turner & Wright*, for appellant.

*A. A. Miller* and *Morphy, Ewing & Bradford*, for respondent.

LEWIS, J.

Action to recover the amount alleged to be due upon a promissory note of $1,283, dated May 9, 1906, which contained the following stipulation: "This note is executed and delivered by me to the Northwest Thresher Company for and in consideration of the credit granted by said company on the purchase price of threshing machinery bought of said company by D. B. Smiley, of Stephen, county of Marshall, state of Minnesota."

The answer admitted execution of the note, and alleged that it was executed without any consideration and under the following circumstances: That on or about May 4, 1906, appellant agreed to sell to Mr. Smiley, of Stephen, Minnesota, a certain traction engine, rated at thirty horse power, for the agreed price of $2,400, to be paid for by notes, one for $1,283, due November 1, 1906, $559, due November 1, 1907, and $558, due November 8, 1908. That the note in question was delivered to appellant as collateral to and for the purpose of securing the payment of the $1,283 due from Smiley. The answer then alleged that the engine and fixtures so purchased by Smiley were bought under a warranty, with which the engine did not comply; that Smiley duly notified appellant to that effect and returned the engine, which appellant accepted, and the parties thereupon entered into an agreement which resulted in appellant selling to Smiley another engine of fifty one horse power, and that appellant warranted this engine in the same manner as the first, and that the only difference in warranty was that in the second contract the purchaser had three instead of six days to ascertain whether the engine complied with the warranty, and "in that behalf this defendant alleges that the actual agreement between plaintiff and said Smiley was that he should have

six days, instead of three days, as was printed in the blanks used, and that said contract was drawn and signed in the middle of the night, and in the hurry of closing the changing of the word 'three' to 'six' was inadvertently omitted." The answer further alleged that the second engine failed to comply with the warranty, and that appellant was duly notified of that fact within the time provided by the contract.

The reply admitted the sale of the thirty horse power engine to Smiley, as alleged; alleged that none of the notes had been paid, and that the note in question was given as collateral for the $1,283 note executed by Smiley; admitted that the engine was sold on a warranty, as alleged in the answer, except that it was not warranted to operate a gang of eight plows; denied a breach of warranty of the first contract, and that Smiley had given proper notice of the warranty therein contained; admitted that appellant entered into a contract by which it sold and delivered to Smiley another engine of fifty one horse power, and that such engine was warranted in substantially the same manner as the first engine, except that it was not warranted to pull eight plows; specifically denied that the second contract superseded the first; denied that Smiley was to have six instead of three days within which to test the engine; and denied that by inadvertence or mistake the word "three" was written in the contract instead of "six"; alleged that the second contract was wholly independent of the first, and that the sole consideration for the sale of the second engine was the promissory note of Smiley for $400 and the purchase by appellant of the thirty horse power engine, and that the fifty one horse power engine did not constitute any part of the consideration of the note in the suit, nor of the note of like amount executed by Smiley to appellant under the first contract.

At the close of the case the trial court directed a verdict for respondent, and many errors are assigned upon this appeal, which are directed to the introduction of parol testimony which, as appellant claims, tended to change the terms of the written contracts, by admitting evidence tending to show that the engines in question did not comply with the warranties, and in receiving evidence with reference to notices by Smiley that the engines failed to comply with the warranties, and in directing a verdict for respondent upon the ground

that the verdict was contrary to law and not sustained by the evidence.

The liability of the respondent did not cease upon the return of the thirty horse power engine, conceding it did not comply with the warranty. The evidence conclusively shows that an exchange of engines was made upon the ground that the first one was not of sufficient power to do the work for which it was purchased; that the contract under which the second engine was purchased was intended to supersede and take the place of the first contract; that it was intended appellant should retain the notes already executed by Mr. Smiley in payment under the first contract, and that the $400—the difference in price—should be guaranteed by respondent at the time the exchange was made; and that the note in question should remain in possession of appellant as security for the $1,283 note executed by Smiley and retained by appellant.

The position assumed by appellant in the reply, at the trial and upon this appeal, was untenable, viz., that Smiley waived the breach of the warranty, if any existed, as to the thirty horse power engine, and that neither the note in suit nor the one to which it was collateral formed any part of the consideration for the fifty one horse power engine, and hence a breach of the warranty under the second contract could not in any event constitute a defense to the note. As already stated, it conclusively appears from the evidence that the second contract superseded the first; that the note in question remained collateral security for the $1,283 note executed by Smiley. If Smiley had a defense on the second contract, growing out of a breach of warranty, then respondent was entitled to plead that defense in this action. Upon this view of the case the oral testimony introduced by respondent tending to change the terms of the first contract was not prejudicial and did not affect the result. Whether there was a breach of warranty in the first contract was immaterial, for the reasons already stated. The purchaser made complaint that the first engine did not comply with the warranty, and appellant, through its duly authorized agent, conceded the fact, received it back, and substituted another in its place under a similar warranty.

Was it error to permit the introduction of oral testimony to the

effect that the agreement for the sale of the second engine was to be the same as for the first engine, and that the printed word "three" in the second contract was left in by inadvertence and mistake, and that "six" should have been written in place of it?

The answer alleged, as already stated, that such a mistake had been made, and the evidence offered in support of it was to the effect that the new contract was entered into at Fargo, and that Smiley and respondent went there for the purpose of completing the transaction. Smiley testified that the contract was not completely filled out at the time he signed it; that it was late in the night, and appellant's representative said he could not fill out the contract that night, but would make it out to agree with the first contract, which he did not then have with him, and send a copy thereof to Smiley; that such copy was not received prior to the time he received and tested the engine. Respondent testified that it was the agreement that the second contract should be the same as the first as to the time for testing the engine, and that the contract was filled out and signed late at night. All of this testimony was objected to by appellant upon the ground that the answer did not ask for a reformation of the contract, and consequently, in this an action at law, the writing must be taken as evidence of what the contract was. The second engine was received by Smiley at Stephen September 15, and he thereupon signed a receipt which acknowledged that he accepted the machine subject to the terms and conditions of the warranty contained in the written contract. That provision of the warranty, with respect to time for trial, reads: "Conditioned, however, that the purchaser shall set up, start and operate the same in a proper and skilful manner, and without changing the original construction of any part of it. The purchaser shall· have three days after it is first started to ascertain whether such machinery is or is not as warranted and represented. If, then, the purchaser deems it is ·not, he shall at once discontinue the use of it and state full particulars wherein it fails, by registered letter mailed at once to ·the Northwest Thresher Company at Stillwater, Minnesota, and wait a reasonable time until said Northwest Thresher Company sends a man to put it in order. The purchaser shall render the man sent necessary and friendly assistance, and after he

is through shall at once give the machinery a fair trial of two days. * * *" Then follows the provision that, if the machine is not as warranted and represented, he shall return the same to the place where he got it, and give the company immediate notice, by registered letter, to that effect, and that the company might either furnish other machinery in its place or rescind the contract. There is another provision to the effect that the use of the machinery, after three days' trial, or a failure to give notice, as required, shall be conclusive evidence that the machinery was as warranted. It will be observed that the warranty contemplates that the seller is not to send a man to render assistance in starting the machinery until after the purchaser has tried it and deems it unsatisfactory.

According to the undisputed evidence, the machine was delivered to Smiley on Saturday, September 15th, and he took it out to his farm on Tuesday, the 18th; that one of appellant's expert machinists was present, took charge of the operations, and under his instructions and directions the proper attachments were made, and on the 19th, Wednesday, the engine was started; that considerable difficulty was encountered, and the expert made several changes in order to increase the steam power; that a certain gearing became heated and cut, and another had to be sent for to take its place; that the same arrived on Friday, the 21st, and the engine was started on that day about eleven o'clock; that the new gearing commenced immediately to heat, and that at noon on that day appellant's expert left and did not return. Smiley started up the engine on Saturday, the 22d; but it did not work satisfactorily, and accordingly on Monday, the 24th, he sent appellant notice to that effect by registered mail.

Appellant insists that, because the notice was not mailed within three days from the time the engine was started, the purchaser failed to comply with the contract and must be held to have waived a breach of the warranty. If the number of days was six, instead of three, then the notice was sent in time. From another point of view, the notice was sent within three days, provided the purchaser did not undertake to start the machine on his own account until Saturday, the 22d. If appellant saw fit to send an expert to take charge of the machine, set it up, operate the same, and demonstrate that it was

within the terms of the warranty, then the number of days so occupied by him should not be chargeable to the purchaser, if the engine could not be made to work satisfactorily within that time.

It is true that, as a general rule, an instrument cannot be reformed in an action at law, unless application is made to the equity side of a court to reform the instrument to comply with the facts. In the answer in this case respondent did not specifically pray that the instrument be reformed, but did plead all of the facts necessary to put appellant upon notice that the writing did not express the real contract, and that at the trial evidence would be offered as to what the real contract was. This was denied in the reply, and in our judgment appellant was not misled by the pleading. At the trial appellant offered no evidence to contradict the testimony on the part of the defense, and the court was justified in accepting the evidence of respondent as conclusive. Under such circumstances, although there was a technical omission in the answer to pray for reformation, it conclusively appears that appellant was not prejudiced thereby. Appellant offered no evidence upon the question of warranty, and the evidence on the part of respondent in that respect was undisputed. Appellant stands strictly upon the technical defense that error was committed in permitting oral testimony to be introduced to vary the terms of the writings, and consequently that the notice of breach of warranty was not made within the proper time.

When the whole record is considered, we discover nothing to discredit the evidence offered by the defense. The jury would not have been justified in rejecting it, and the trial court was justified in accepting that evidence as true, and directing a verdict for defendant.

Affirmed.