(Opinion published 57 N. W. Rep. 148.)

Dennis F. McGrath *vs.* Thomas E. Cannon *et al.*

Argued Nov. 23, 1893. Affirmed Dec. 7, 1893.

No. 8429.

**Recovery in case of only part performance.**

> The rule that a party who has refused to fully perform his contract cannot recover for part performance applies only to entire, and not to severable, contracts, which are, in effect, separate agreements as to different subjects, although made at the same time.

Appeal by defendants, Thomas E. Cannon and Daniel Moody, from an order of the District Court of Clay County, *Frank Ives, J.,* made April 11, 1893, denying their motion for a new trial.

This action was upon a promissory note made by defendants April 16, 1892, for $1,254.95 and given plaintiff, Dennis F. McGrath in part payment for a stock of hardware they bought of him that day at Barnesville. They answered that plaintiff agreed to sell to them his stock of lumber, as well as his hardware, and they agreed to pay for both what they should be found to be reasonably worth. That an inventory was taken of the hardware and it was found worth $4,509.89 on which they paid $2,000 and gave their two notes for the balance, each for $1,254.95 and took it into their possession. That plaintiff then refused to sell or deliver the lumber, that the

whole was but one agreement, that plaintiff has failed to perform it on his part and, because thereof, cannot enforce performance by defendants.

On the trial January 14, 1893, the jury returned a verdict for plaintiff for the amount of the note with interest. Defendants moved for a new trial, but were refused and they appeal.

*James H. Foote* and *Frank H. Peterson*, for appellants.

When a party refuses to fully perform his contract according to its terms he cannot recover for part performance. *Dula* v. *Cowles,* 7 Jones, 290; *Jones* v. *Mial,* 89 N. C. 89; *Oakley* v. *Morton,* 11 N. Y. 25; *Catlin* v. *Tobias,* 26 N. Y. 217; *Superintendent of Schools* v. *Bennett,* 3 Dutch. 513; *Smith* v. *Brady,* 17 N. Y. 173; *Glacius* v. *Black,* 50 N. Y. 145; *Boutin* v. *Lindsley,* 84 Wis. 644; *Koplitz* v. *Powell,* 56 Wis. 671.

There is a tendency in the courts of some of the states to relax in some degree the strictness of the old rule regarding the performance of contracts and to follow that laid down in the case of *Britton* v. *Turner,* 6 N. H. 481. But the incomplete performance must not have been the result of the party's own seeking or of causes which he might, with ordinary diligence, have provided against.

*Charles S. Marden* and *Charles C. Houpt,* for respondent.

Even if the contract was made as claimed by defendants, it was not entire. It is the rule, where personal property is sold to be delivered at different times in distinct parcels and to be paid for at a stipulated price on delivery, the seller is entitled to recover for the parcel or installment delivered, although he make default in the delivery of the others. *Loomis* v. *Eagle Bank,* 10 Ohio St. 327; 2, Parsons, Cont. 29; Sutherland, Dam. § 645.

MITCHELL, J. It seems to us that there are more grounds than one on which the order appealed from might be affirmed, but we shall consider the case upon the lines upon which counsel have argued it.

Accepting as true the testimony of defendant Cannon, the facts were as follows: Plaintiff was the owner of a stock of hardware, and also of a stock of lumber. Cannon was negotiating for the purchase

of the hardware, and was about making a contract for it when plaintiff refused to sell it, unless Cannon would also buy the "lumber business," or find a purchaser for it. Cannon had no desire to buy the lumber, but, in order to get the hardware, verbally agreed to buy it, or find a purchaser for it; nothing whatever being said as to terms or price. Cannon and plaintiff thereupon executed the contract, Exhibit A, which on its face purports to be a complete expression of the mutual obligations of the parties, and has reference solely to the hardware. In accordance with the terms of this contract, the parties proceeded, and took an inventory of the hardware, and upon its completion plaintiff executed a bill of sale of it to the defendants, (Moody having become interested with Cannon in the purchase,) and they made payment therefor, partly in cash and partly in two promissory notes, one of which is the note in suit.

Moody attempted to testify that he paid his part of the cash on the hardware and lumber together, but nothing of the kind was communicated to plaintiff, and the evidence is perfectly conclusive that both the cash and the notes were paid or given and accepted for the price of the hardware exclusively, in exact accordance with the terms of the contract, Exhibit A. Defendants took, and still retain, possession of the hardware. On the occasion when the deal as to the hardware was closed up the defendants requested plaintiff to enter into a writing for the lumber business, and to proceed to have an inventory of the stock taken; but he refused to do either at that time, and has subsequently refused to do so at all, or to deliver the lumber to defendants, although they offered to pay him its market value. When sued on one of the notes given for the hardware, the defendants set up plaintiff's nonperformance of the contract as respects the lumber, for the purpose, as it would seem from their answer and from the evidence introduced on the trial, of counterclaiming or recouping their damages against the note, but, as now claimed in this court, as a complete defense to the action.

The doctrine which defendants invoke is that to entitle a party to recover on a contract he himself must have fully performed on his part, and that when he has refused to fully perform his contract according to its terms he cannot recover for part performance. But from the leading case of *Cutter* v. *Powell*, 6 Term R. 320, down, this rule has been held applicable only to contracts which are entire;

and not to those which are severable. This distinction has always been recognized by this court. Compare *Weber* v. *Clark*, 24 Minn. 354; *Nelichka* v. *Esterly*, 29 Minn. 146, (12 N. W. 457;) and *Peterson* v. *Mayer*, 46 Minn. 468, (49 N. W. 245,)—with *Spear* v. *Snider*, 29 Minn. 463, (13 N. W. 910.)

Without attempting to enter into any general investigation of the question, so often discussed, as to when a contract is entire and when it is severable, and without committing ourselves to the length to which courts have sometimes gone in holding certain executory contracts severable, so as to defeat the right of one party to rescind upon some default of the other party, it is sufficient for us to say that, even conceding that upon the facts of this case there was a valid contract for the sale of the lumber as well as the hardware, yet, according to all the authorities, it was not entire, but severable; or, to speak accurately, there were two separate contracts, although made at one and the same time. Whether a contract is entire or severable, like most questions of construction, depends on the intention of the parties, and must be determined in each case by considering the language employed and the subject-matter of the contract, and how the parties themselves treated it.

One of the best statements of the law on the subject, and one often cited by the courts with approval, is that in 2 Parsons, Cont. 648, which is: "If the part to be performed by one party consists of several distinct items, and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by law, such contract will generally be held to be severable."

As complete and legally accurate a statement of the rule as anywhere to be found is that of Mr. Justice Field in *Norris* v. *Harris*, 15 Cal. 226, viz.: "A contract made at the same time, for different articles, at different prices, is not an entire contract, unless the taking of the whole is essential from the character of the property, or is made so by the agreement of the parties, or unless it is of such a nature that a failure to obtain a part of the articles would materially affect the object of the contract, and thus have influenced the sale had such a failure been anticipated." Without again repeating the facts of this case, it is enough to say that, in view of the subject-matter, the language of the parties, and the conduct of the parties with reference to the subject, the contract as to the hardware

and that as to the lumber, if one was made, were really two distinct contracts, although entered into at one time. It is also worthy of remark that, in view of the harshness of the rule which prevents one who has failed to fully perform his contract from recovering anything for part performance, the benefits of which the other party has received, the courts are inclined, whenever they consistently can, in cases of this kind, to construe the contract as severable, rather than entire. This works out substantial justice, for it permits the one party to recover for what he has performed, but at the same time permits the other party to counterclaim or recoup whatever damages he has sustained by the nonperformance of other items of the contract. To illustrate by the present case: By holding the contract severable, the plaintiff can recover the price of the hardware, against which defendants may offset their damages for the nondelivery of the lumber; while, if defendants' contention is correct, had the sale of the hardware been wholly on credit, they might have retained it without paying a dollar.

Assuming that there was a valid contract for the sale of the lumber business, of course defendants were entitled to recover damages for its nonperformance. There is neither allegation nor proof that there was any good will connected with the business, so that the contract was, in effect, merely one for the sale of so much lumber; and the measure of damages would be merely the difference between the contract price and the market value of lumber at the time and place when and where the defendants were entitled to it, according to the terms of the contract. As to this, there was neither allegation nor proof, and, indeed, there could not well have been, in view of the fact that no contract price was ever agreed on.

Under defendants' answer, they were not entitled to recover more then nominal damages, and the court ought to have directed a verdict in favor of the plaintiff for the amount of the note. In view of this fact, the errors assigned as having occurred on the trial are wholly immaterial.

Order affirmed.

(Opinion published 57 N. W. Rep. 150.)