DAVID F. POTSDAMER *et al.* vs. HENRY KRUSE *et al.*

Submitted on briefs April 19, 1894. Reversed May 7, 1894.

No. 8595.

**A severable contract.**

A certain order for different articles, the quantity, description, and price of each being separately specified, *held* to be severable, so that the purchaser, upon receipt of goods, might retain those which were in accordance with the contract, and refuse to accept those which were not.

Appeal by defendants, Henry Kruse, Gottfried Kruse and Louis Kruse, from an order of the District Court of Blue Earth County, *M. J. Severance*, J., made August 31, 1893, denying their motion for a new trial.

Action by David T. Potsdamer, Simeon M. Lyon and William K. Myer, copartners, to recover $86.35 balance due for merchandise sold. The case is stated in the opinion. By direction of the Judge the jury returned a verdict for the plaintiffs for the amount claimed with interest. The defendants moved for a new trial but were denied and they appeal.

*W. L. Comstock* and *Byron Hughes,* for appellants.

The contract of sale herein was not entire, but was a divisible or separable contract. Each kind or parcel of the goods was sold by exhibiting distinct or separate samples of that kind. Each kind was specifically mentioned in the terms of sale and charged

in the invoice or bill of shipment, and the total charges for each kind or parcel was carried out.

When a certain value can be assigned to a distinct portion of the whole the contract is held separable; when it cannot be so assigned the contract is held entire. A contract consisting of several distinct items and founded on a consideration which is apportioned to each item, is severable. *Laucesco Oil Co.* v. *Brewer*, 66 Pa. St. 351; *More* v. *Bonnet*, 40 Cal. 251; *Goodwin* v. *Merrill*, 13 Wis. 658; *Alcott* v. *Hugus*, 105 Pa. St. 350; *Veerkamp* v. *Hulburd C. & D. Co.*, 58 Cal. 229; *Spear* v. *Snider*, 29 Minn. 463; *Stickel* v. *Steel*, 41 Mich. 350; *Myer* v. *Wheeler*, 65 Ia. 390.

The defendants do not propose to rescind the contract or any part of it. They demand the fulfillment of the whole of it and defend this suit for the failure on the part of plaintiffs to perform. *Lampson* v. *Cummings*, 52 Mich. 491; *Johnson* v. *Johnson*, 3 Bos. & Pul. 162; *Miner* v. *Bradley*, 22 Pick. 457; *Voorhees* v. *Earl*, 2 Hill, 288; *Lawton* v. *Howe*, 14 Wis. 241; *Cushing* v. *Rice*, 46 Me. 303; *Ketchum* v. *Stevens*, 19 N. Y. 499.

*Thomas Hughes* and *Evan Hughes*, for respondents.

The contract in question was an entire one. There was but one sale of but one kind of goods, made at one time, in one order, and delivered at once in one box by plaintiffs to defendants. But one bill was rendered for all the goods. The discount given was on the entire bill. The payment made by the defendant was on the entire bill.

To sever such a contract would destroy it. Unless defendants got their full assortment of thirty three dozen they could not be compelled to accept any, unless they saw fit to do so. If it is entire as to the defendants it must be so as to plaintiffs. Under the statute of frauds we would have to come to the same conclusion—that it was entire. If we should apply the test of whether it embraced one or more causes of action the result is the same. Indeed, from every point of view this sale is clearly an entire one, and being entire the defendants could not without the plaintiff's consent affirm it in part and rescind it in part. *Pope* v. *Porter*, 102 N. Y. 366; *Norrington* v. *Wright*, 115 U. S. 188; *Lyon* v. *Bertram*,

20 How. 149; *Mills* v. *Hunt,* 17 Wend. 333; *Masson* v. *Bovet,* 1 Denio, 69; *Hoffman* v. *King,* 70 Wis. 372; *Becker* v. *Trickel,* 80 Wis. 484; *Mansfield* v. *Trigg,* 113 Mass. 350; *Kellogg & Co.* v. *Turpie,* 93 Ill. 265; *Clark* v. *Baker,* 5 Met. 452; *Gault* v. *Brown,* 48 N. H. 183; *Hubbardston Lumber Co.* v. *Bates,* 31 Mich. 158.

MITCHELL, J. The defendants, retail merchants in Mankato, ordered from plaintiffs, manufacturers and jobbers in New York City, various numbers of some nine or ten different kinds or styles of neckties, amounting in all to thirty three dozen. The quantity, description, and price of each style were separately specified in the order. The goods were to be according to samples of each style exhibited by plaintiffs when the order was given. The goods were all shipped from New York in the same box, but each style in a separate parcel. When the goods were received in Mankato, the defendants immediately examined them, and, finding some styles according to the samples, and others not, they retained the former, and promptly shipped the latter back to the plaintiffs, notifying them that they did so because the goods were not according to the contract. The plaintiffs refused to take back the goods, and brought this action for their purchase price. The court directed a verdict for the plaintiffs on the ground that the contract was entire, and that there could be no "rescission" unless defendants returned all the goods.

While it is not uncommon to speak of such a case as a rescission, yet it does not stand on the ground of rescission. The act of refusing to accept an article as not being in accordance with the terms of a previous executory agreement is one of insistence on, and not of rescission of, the contract. The contention of the plaintiffs is that the contract was entire, and that an acceptance of part of the goods was an acceptance of the whole; while the contention of the defendants is that the contract was severable, and consequently that they had the right to accept such of the goods as were according to the contract, and refuse to accept such as were not.

The question of the entirety or divisibility of contracts has presented itself to the courts in a variety of ways. Sometimes the question was whether there had been an acceptance of part of the

goods, within the meaning of the statute of frauds; sometimes whether a party who had failed to fully perform could recover for what he had performed; sometimes whether a party had a right to rescind as to part of the property; at other times whether the statute of limitations had run, or whether a single cause of action had been split; and again, as in this case, whether a party had a right to accept part of the goods, and refuse to accept the remainder as not being in accordance with the contract. And we think an examination of the authorities will show that the decision of the courts whether, in a given case, a contract is to be treated as entire or as severable, has frequently been made to depend somewhat upon the purpose for which the question was invoked. Whether this is logical or consistent with principle it is unnecessary here to consider. We had occasion recently to consider this question in *McGrath* v. *Cannon*, 55 Minn. 457, (57 N. W. 150,) in which we cited 2 Pars. Cont. 648, and *Norris* v. *Harris*, 15 Cal. 226, as among the best statements of the law on the subject to be found in the books.

In the former it is said:  "If the part to be performed by one party consists of several distinct items, and the price to be paid by the other is apportioned to each item to be performed, or left to be implied by law, such contract will generally be held to be severable."

In the latter it is said:  "A contract made at the same time for different articles at different prices is not an entire contract, unless the taking of the whole is essential from the character of the property, or is made so by the agreement of the parties, or unless it is of such a nature that a failure to obtain part of the articles would materially affect the object of the contract, and thus have influenced the sale had such a failure been anticipated."

Applying these tests to the facts of this case, we think the contract was severable and divisible, at least as to the several different styles of goods.  While it was one in the sense that it was all made at the same time, and embraced in the same writing, yet the different kinds and styles of goods were distinct in character, and separate prices were specified for each.  There is nothing to indicate that the price of one kind was fixed with reference to the price of the others, or that the acceptance by de-

fendants of all kinds was a consideration for the undertaking of plaintiffs to deliver any of them. The discount of the prices was fixed with reference to the time of payment, and not the amount' of the order. There is nothing to indicate that plaintiffs would not have taken an order for one or more of the items on the same terms as one for the whole.

Our conclusion is that the contract was severable, at least as to the different styles of goods, so as to permit defendants to accept those which were according to the samples, and to reject those that were not; and such, we think, would be the general understanding of merchants.

We have not overlooked the fact that of one style of ties, of which the order was for eleven dozen, the defendants retained eight, and returned three. Whether the contract was severable on this line it is unnecessary to consider, for, even if it was not, it would only go to the liability of defendants for three dozen; and evidently it was not on this ground that the trial court decided the case. Some stress is laid on the fact that the goods were all shipped together, but this fact is of no controlling weight. Of course, if the parties had agreed that the goods were to be shipped by installments, that would have been an additional circumstance tending to show that they intended the contract to be severable on another line.

Order reversed.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 983.)