## JOHNSON v. JOHNSON.

No. 1764.   Decided December 21, 1906 (88 Pac. 230).

1. FRAUDS, STATUTE OF—INTERESTS IN REAL PROPERTY—CONTRACTS.
   When a grantor, who had, when incapacitated, executed a deed
   for an expressed consideration which was not paid sought to set the
   conveyance aside, the grantee orally agreed to pay the grantor for
   life a half of the crops that should be produced on the premises.
   *Held,* that the agreement confirmed the deed and provided for the
   payment of the consideration and did not create an estate in land
   or a sale of the crops within Revised Statutes 1898, sections 2461,
   2463, requiring the transfer of any interest in land to be in writing.

2. SAME—AGREEMENTS NOT TO BE PERFORMED WITHIN A YEAR.   The
   agreement was not within Revised Statutes 1898, section 2467,
   requiring every agreement that by its terms is not to performed
   within one year from the making thereof to be in writing, since the
   grantor might die within one year.

3. LIMITATION OF ACTIONS—CONTRACTS—RECOVERY OF INSTALLMENTS.
   A grantor who had, when incapacitated, executed a deed for an
   expressed consideration which was not paid sought to set the con-
   veyance aside.   The grantee thereupon agreed to pay to the grantor
   for life a half of the crops produced on the land.   *Held,* that an
   action for the half of the crops for years 1903 and 1904 brought
   within four years from January 1, 1903, was not barred by
   limitations.

4. JUDGMENT—RES ADJUDICATA.   A grantor who had, when incapaci-
   tated, executed a deed for an expressed consideration which was
   not paid sought to set it aside.   The grantee, to avoid such action,
   agreed to pay to the grantor for life a half of the crops produced
   on the premises.   The grantee failed to perform his agreement and
   the grantor sued for a recovery of the amount due him for specified
   years and recovered judgment.   *Held,* that the judgment was not a
   bar to a subsequent action for the amount due for subsequent years.

APPEAL from District Court, Utah County; C. H. Hart,
Judge.

Action by Bengt Johnson against Abraham B. Johnson.
From a judgment for plaintiff, defendant appeals.

AFFIRMED.

*W. E. Rydalch* and *M. M. Warner* for appellant.

*Booth & Cluff* for respondent.

### APPELLANT'S POINTS.

A new agreement altering the terms of a prior written contract which is within the statute of frauds or required by law to be in writing, or discharging or waiving such prior contract in part only or in whole, must also be in writing in order to be binding, or admissible in evidence, inasmuch as the effect of a verbal waiver would be to substitute a verbal contract for the one required to be in writing. This is true even though the agreement of waiver might be in such terms that, taken alone, it would not be required to be in writing. (Encyclopedia of Law [2 Ed.], pp. 1101, 1102 and the authorities there cited; secs. 2461, 2463 of the Revised Statutes of Utah 1898; sec. 2831, sub. 1, sec. 2835, sec. 3916 and sub. 1, of 3918 of the Compiled Laws of Utah, 1888. 11 Century Digest, section 1135, Bishop on Contracts, sec. 771.)

It is the contention of the defendant and appellant that in the first action brought, the plaintiff should have asked for all damages that he did or could suffer from the non-performance of this alleged oral contract on the part of the defendant, and that having failed to do this, he now cannot ask for further damages in a new suit. The contract was entire and should have been sued upon as such. If not entire, then the respondent cannot escape the statute of limitations. (3 Parsons on Contracts [7 Ed.], p. 201, star page 188; *Hambleton v. Veere,* 2 Saund. 169, note; *Masterton v. The Mayor of Brooklyn,* 7 Hill 61; *Shaffer v. Lee,* 8 Barb. 412.)

### RESPONDENT'S POINTS.

It is such a contract as might have been performed within a year, depending wholly for its completion upon the arising of a specified contingency, viz.: the death of the respondent,

and is therefore without the statute. (Lawson on Contracts, par. 74; 20 Cyc., pp. 200, 203; *Blanding v. Sargent,* 66 Am. Dec. 720; *Worthy v. Jones,* 71 Am. Dec. 696.)

Where the payments are numerous, extending over a considerable period of time, a default of one or more of the payments would not discharge the contract, although it must necessarily give raise to an action for damages. (9 Cyc., p. 648. Lawson on Contracts, pars. 448, 450. 2 Benjamin on Sales, 787.)

FRICK, J.

This is an action for breach of contract. In view that the whole contention in this court arises upon the complaint, we shall set forth somewhat in detail the allegations, which, in substance, are: That on July 27, 1891, the plaintiff (hereinafter called respondent) was the owner of certain lands, describing them; that on the said day and year the defendant (hereinafter styled appellant) procured from the respondent and his wife a deed whereby said land was conveyed to the appellant for a consideration therein expressed of $2,200, but in fact no part thereof, or any other consideration, was paid for said land; that at the time of the execution and delivery of said deed respondent was sick and had no recollection of either the signing or acknowledgment thereof; that upon recovering from said sickness respondent expressed dissatisfaction with or repudiated said deed whereupon the appellant entered into an oral agreement with respondent whereby it was agreed that, in consideration that respondent would permit said deed to stand as a deed of conveyance, appellant would thereafter pay the respondent one-half of all the crops which would be produced each year upon the land described in said deed, said payments to continue during respondent's natural life; that appellant had complied with said agreement and had paid respondent said portion of the crops each year until the year 1900; that no consideration was ever paid for said land except the crops as above stated; that in pursuance of said oral agreement appellant took possession of said land; that on the 8th day of

January, 1903, respondent commenced an action against appellant for one-half of the crops produced on said land for the years 1901 and 1902, in which action appellant appeared and answered, and a trial was had on the 30th day of September, 1903, and that thereafter, on the 19th day of October, 1903, findings of fact and conclusions of law were duly made and filed by the court trying said cause and a judgment was entered therein on the 21st day of said month in favor of respondent and against appellant from which no appeal was prosecuted, but that the appellant fully paid and satisfied said judgment; that appellant still retains possession of said land; that he has failed and refused to pay respondent the portion of said crops for the years 1903 and 1904 which are of the value of $150 for each year, and the amount for the first of said years was due on the 1st day of January, 1904, and for the second year on the 1st day of January, 1905, all payable to respondent at Provo, Utah. Wherefore respondent prayed judgment for $300, and that said judgment be made a lien on the land for said amount as part payment of the purchase price thereof. To this complaint the appellant demurred on the ground that it did not state a cause of action; on the ground that it was uncertain in certain respects, and on the ground that the action was barred under both the statutes, naming them, of the territory and state of Utah. The court overruled the demurrer, and the appellant answered. Upon the issues joined, a trial was had which resulted in findings and judgment in favor of the respondent in the sum of $218.50, which judgment was declared to be a lien on the land, and that execution issue therefor. From this judgment, an appeal is taken on the judgment roll, without a bill of exceptions.

Appellant has assigned a number of errors, but, in the brief, he relies for a reversal upon the following grounds, stated by him in the brief as follows: "(1) On the statute of frauds; (2) on the statute of limitations; (3) on the question of former adjudication of the case." We will consider these in the order as stated above.

It is asserted by counsel that the transaction upon which

this action is based falls within either section 2461 or section 2463, Revised Statutes 1898, which require the transfer of any estate or interest in land to be in writing, and, if not within these sections, it is within subdivision 1 of section 2467 which requires that all agreements that by their terms are not to be performed within one year from the making thereof must be in writing. Is this contention tenable? The transaction, briefly stated, is as follows: The respondent deeded certain land to appellant for an expressed consideration of $2,200, no part of which, nor any other consideration, being paid therefor. This deed, as alleged, for the purposes of this case, stands admitted, was made when respondent was sick and incapacitated from executing a deed. He therefore wanted it set aside, and, to avoid litigation—at least such is the inference from the record—appellant agreed to pay respondent one-half of the crops that should be produced upon the land conveyed by the deed during the lifetime of respondent. This agreement, therefore, covered two things. It confirmed the deed and provided for the payment of the consideration for the land. The agreement, therefore, so far as it remained unexecuted, was for the payment of this consideration, to be paid by appellant to respondent for the land. The payments were thus to be made in yearly installments, the amount thereof was to be governed by the amount or value of the annual crops raised upon the land, and were to continue during the natural life of respondent. If the crops were valuable and the respondent survived many years subsequent to the agreement, the appellant might have to pay the full amount of the consideration expressed in the deed, and he might, on a certain contingency have to pay more than that. Upon the other hand he might have to pay much less. The agreement, however, was in legal effect no more than to pay the consideration for the land in a certain way and at certain intervals of time fixed by nature's laws. The obligation assumed by appellant was, therefore, easily ascertainable, since nothing was required to fix it except the afflux of time, while the amount was measured by one-half of what would be produced on the land. The agreement thus

was not one for an estate or interest in land. The respondent had no interest in the land as such. He only had a right to one-half of the product, or the value thereof. The appellant agreed to discharge an obligation in a particular kind of property which he could legally compel respondent to receive if tendered within the time, but if not, respondent could compel payment in money, and in the latter event his right would be measured in dollars. Neither was it a sale, nor intended to be, of the crops; it was an agreement to yield them upon the one hand and to receive them upon the other as payment of the existing obligation. In no event, therefore, does the transaction fall within the provisions of the sections first above referred to. (*Davis v. McFarlane*, 37 Cal. 634, 99 Am. Dec. 340; *Vulicevich v. Skinner*, 77 Cal. 239, 19 Pac. 424; Browne on Stat. of Frauds (5th Ed.), section 235 et seq.) Neither does the agreement in this case fall within any subdivision of section 2467. The terms of the agreement do not prevent its full performance within one year from the making thereof. It is well settled that provisions like the one in question do not fall within the statute. Browne on the Statute of Frauds, section 276 (5th Ed.), speaking on this subject, says:

> "Cases where the promise is to continue to do something until an implied contingency occur, as, for instance, to pay during the promisee's life, to pay during the life of another, to work for another during his life, . . . . are not within the statute, because the contracting parties contemplated that the one whose life is involved may die within the year."

This statement of the law is certainly supported by the authorities. (See 20 Cyc. 203, and note 15, where the authorities are in part cited; *McCormick v. Drummett*, 9 Neb. 384, 2 N. W. 729.)

The contention that the action is barred is clearly without merit. The action involved only the installments falling due for the years 1903 and 1904. Those for all the former years were paid voluntarily by appellant, except for the years 1901 and 1902, and those he was compelled to pay by reason of the former action. This action having been commenced

within four years from January 1, 1903, is therefore not barred by any provision of the statute of limitations of this state.

The claim made by counsel that the cause of action declared on in this case was involved and adjudicated in the former action for the installments for the years 1901 and 1902 is equally untenable. A mere cursory examination of the issues of the former case conclusively shows that that action was not founded upon a breach of the entire contract, but upon the breaches only arising from the failure to pay the installments due for the two years last-above mentioned. The contract is a continuing one during the life of respondent, but maturing in installments of yearly payments. It cannot be legally discharged without the consent of respondent until his death, but may be enforced by proper action whenever and as often as an installment falls due and remains unpaid, unless the respondent brings his action as for a breach of the entire contract and not only for the part then due. If this be done and the party sued does not object to having the entire damages assessed against him, no doubt a judgment in such a case becomes a bar to a future action. While in view that appellant refused to perform in 1901, respondent might possibly have sued for an entire breach and recover damages therefor, he did not choose to do so, and therefore the recovery by him of the amounts due him for the years 1901 and 1902 cannot bar his right to recover for the amounts due for the years 1903 and 1904, or for any future years. We think the election to treat the failure to pay as an entire breach, or only a partial one, is with the respondent. At least this is the law applicable to the state of the record before us in this case. (9 Cyc. 648, and cases cited; *Kadish v. Young,* 108 Ill. 170, 43 Am. Rep. 548; *Gomer v. McPhee* [Colo. App.], 31 Pac. 119; *McGrath v. Cannon,* 55 Minn. 457, 57 N. W. 150; *Zuck v. McClure,* 98 Pa. 541.) In fact it can hardly be said that this case falls directly within the class of cases where there is a contract to do a specified thing and which is to be performed in parts, but it belongs rather to that class where the consideration or purchase price of the

thing is to be paid or discharged in installments. In the latter class certainly the enforcement of one installment cannot be said to be an enforcement of the entire obligation. The cases cited by counsel for appellant, for the reasons last above stated, have, and can be given, no application to the principle that controls this case.

The judgment, therefore, is affirmed, with costs.

McCARTY, C. J., and STRAUP, J., concur.