G. ROBDELL, Inc., Respondent, v. SCHEIER, Appellant.

(191 N. W. 836.)

(File No. 5040.    Opinion filed January 22, 1923.)

1.  **Sales—Contracts—Divisible Contracts—Acceptance—Contract for Sale of Coats of Different Styles and Prices Held Severable.**

    A contract for the sale by sample of three coats of one style at $92.50 each, and three other coats of a different style at $87.50 each, was severable, and not entire so as to authorize recovery of the whole price upon acceptance of two of the coats.

2.  **Sales—Jury—Whether Coats Came Up to Samples Held Question of Fact For Jury.**

    Whether coats rejected by a buyer came up to sample shown at the time of purchase was a question of fact which should have been submitted to the jury.

Appeal from Circuit Court, Minnehaha County; Hon. L. L. FLEEGER, Judge.

Action by G. Robdell, Incorporated, against J. B. Scheier. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

*Peck & Wall,* of Sioux Falls, for Appellant.

*Parliman & Parliman,* of Sioux Falls, for Respondent.

(1) To point one of the opinion, Appellant cited: Schiller v. Blyth & Fargo Co., 88 Pac. 648, 8 L. R. A. (N. S.) 1167; Potsdamer v. Kruse (Minn.), 58 N. W. 983; Manning v. Hum-

phries, 3 E. D. Smith (N. Y.) 218; Cohen v. Pemberton, 53 Conn. 221; Buckeye Buggy Co. v. Montana Stables (Wash.), 85 Pac. 1077.

Respondent cited: Elliott Supply Co. v. Hanson, 165 N. W. 992; Bamberger Bros. v. Burrows (Ia.), 124 N. W. 337; J. I. Owens Co. v. Doughty (N. D.), 110 N. W. 79; Poirier Mfg. Co. v. Kitts (N. D.), 120 N. W. 558; Voorhees v. Kellogg, 38 A. D. 588; Stevens v. Hyde, 32 Barbara 182; Van Betchen v. Smith, 13 N. W. 96, 23 R. C. L., page 1444.

(2)   To point two, Respondent cited: 7 Am. and Eng. Enc. Law, 2d Ed., 144; 23 R. C. L. 144; Benj. Sales 521; 35 Cyc. 147; Tiff. Sales 111; Shoe Mfg. Co. v. Prince, 41 S. E. 907; Maynard v. Render, 23 S. D. 194; Thompson v. Douglas, 35 W. V. 337, 13 S. E. 1015; Huttpon v. Dewing, 26 S. E. 197; McCready v. Valkiner (S. D.), 168 N. W. 579; Cream City Glass Co. v. Friedland, 21 L. R. A. 135; Dobsworth v. Iron Works, 66 Fed. 483; Chambers v. Lanchester (N. Y.), 54 N. E. 707; Brown v. Foster (N. Y.), 15 N. E. 608; Shofi v. Rice (Mass.), 135 N. E. 141; Katz v. Avedon & Avedon Costumes (N. Y.), 191 N. Y. S. 83.

ANDERSON, P. J.   Action is brought by plaintiff against defendant to recover the purchase price of six ladies' fur coats for which defendant agreed to pay the sum of $594. The coats were purchased by sample, and the defendant claims that four of the coats delivered were defective and not up to sample, and that they were unsuitable to be sold by defendant as wearing apparel, and that by reason thereof defendant returned to plaintiff four of said coats and refused to pay for them. It appears that defendant retained two of the coats, sold and disposed of the same, and offered to pay plaintiff therefor the sum of $180, which was by plaintiff refused.

It is the contention of plaintiff that the sale constituted one separate and distinct transaction, and was not severable. In other words, that the contract was entire, and that there could be no rescission unless the defendant returned all the goods.

It appears that the defendant bought by sample three coats at the price of $92.50 each, and three coats at the price of $87.50 each. The first three were designated as style 821, and the second three as style 820. At the close of all the evidence and pursuant

to motion by plaintiff, the court directed a verdict in favor of plaintiff and against the defendant upon all the issues in the sum of $540, with interest. Pursuant to such direction, a judgment in due form was entered. The action of the court in directing verdict is assigned as error. New trial having been denied. an appeal was duly taken to this court.

[1] From the record it appears that it was the theory of the trial court that the transaction was entire and not severable, and that the defendant should have accepted the entire number of coats or none. Further, that defendant's course should have been to accept the entire number of coats and then counterclaim against plaintiff for damages by reason of the breach of implied warranty, that the coats delivered to him should be according to the samples under which he bought them.

After careful consideration of the record in this case, and in view of the authorities, we are of the opinion that the contract in question was not entire, but was severable. This for the reason that each coat had a separate and distinct price as well as style number. McGrath v. Cannon, 55 Minn. 457, 57 N. W. 150. In this case Judge Mitchell of the Supreme Court of Minnesota employs this language:

"Whether a contract is entire or severable, like most questions of construction, depends on the intention of the parties, and must be determined in each case by considering the language employed and the subject-matter of the contract, and how the parties themselves treated it."

2 Parsons, Contracts, 648:

"If a part to be performed by one party consists of several distinct items and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by law, such contract will generally be held to be severable."

In case of Norris v. Harris, 15 Cal. 226, Mr, Justice Field states the proposition thus:

"A contract, made at the same time, of different articles, at different prices, is not an entire contract, unless the taking of the whole is essential from the character of the property, or is made so by the agreement of the parties, or unless it is of such a nature that a failure to obtain a part of the articles would materially effect the objects of the contract, and thus have influenced the

sale, had such failure been anticipated." Potsdamer v. Kruse, 57 Minn. 193, 58 N. W. 983.

[2]   The real question at issue in this case is: Did the four coats that were returned by defendant to plaintiff come up to the samples shown at the time of the purchase? That constitutes a question of fact which we are of the opinion should have been submitted to the jury pusuant to proper instructions. We think the trial court erred in directing the verdict, and that by reason thereof a new trial should be and is hereby granted.

Judgment and order reversed.

Note—Reported in 191 N. W. 836. See American Key-Numbered Digest, (1) Sales, Key-No. 62, 180(1), 35 Cyc. 113-117; 1 R. C. L. 351; (2) Sales, 182(1), 35 Cyc. 234.